## Pildish *v.* Pittsburgh Railways Company, Appellant.

*Negligence—Street railway companies—Passenger—Standing on running sideboard—Contributory negligence—Case for jury.*

Where a passenger on a summer street car by invitation of the conductor or with his knowledge and assent and from necessity because of the want of sitting or standing room inside the car, rides on the running sideboard of the car, he is entitled to the same degree of diligence to protect him from dangers which are known or may be readily guarded against as are other passengers. The fact that such a passenger has given his seat to a lady and voluntarily takes his place on the running board because there is no room within the car, does not change the rule.

In such a case the question of the plaintiff's contributory negligence is for the jury where there is evidence that the night was dark, that plaintiff had requested the conductor to stop at a certain street, that his request was disregarded, that after the car had passed the street, he turned again to apprise the conductor of his desire to alight, that in the act of turning around to attract the attention of the conductor, his head came in contact with a pole, and that the plaintiff's knowledge of the situation of the pole was merely that which he had acquired in a casual way by having ridden upon the running board before.

Argued April 21, 1915.   Appeal, No. 34, April T., 1915,

by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1913, No. 1126, on verdict for plaintiff in case of Jacob Pildish v. Pittsburgh Railways Company. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts were stated by MACFARLANE, J., to be as follows:

"Plaintiff was a passenger on a summer car which he boarded at Kennywood Park where he had a seat. At Duquesne he gave up his seat to a lady and took a position on the running board because there was no other place for him, the car being crowded. Whether there was standing room before he reached the place of the accident was disputed and the jury found that he remained on the running board because there was no place in the car. While the car was passing along Jerome street of the City of McKeesport the plaintiff's head was struck by a trolley pole standing close to the curb. For a long distance the poles were quite close to the track and at and near the point of this accident the distance from the running board to the pole was estimated by plaintiff's witnesses at something like a foot or fifteen inches, the measurement of the defendant's engineer gives that distance as twelve inches to fourteen inches. The running board was a foot wide so that the distance between the side of the car and the pole was two feet or twenty-six inches. Two other young men were standing alongside of the plaintiff who was slender. He said that he was standing as close as he possibly could stand. He knew that the poles stood "pretty close" and that when he had been on the running board before he watched out for them and kept his head in. The accident happened at night and it was dark. He signaled to the conductor to stop the car which was not done. He then turned to face the rear to notify the conductor to stop at the next stop and his head was struck."

Verdict and judgment for plaintiff for $780.   Defendant appealed.

*Error assigned,* among others, was in refusing to enter judgment for defendant n. o. v.

*Walter M. Lindsay,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.—The law is definitely settled in this State that where a passenger voluntarily places himself upon the step or running board of a car, when he could have gotten or remained in the car, he assumes the risk of his position from any cause, and if he is injured while in that position, he is guilty of contributory negligence, and cannot recover: Ramsey v. Pottstown, Etc., Railway Co., 35 Pa. Superior Ct. 598; Thane v. Scranton Traction Co., 191 Pa. 249; Barry v. Union Traction Co., 194 Pa. 576; Bumbear v. United Traction Co., 198 Pa. 198; Woodruff v. Roxborough, Etc., Railway Co., 201 Pa. 521; Bainbridge v. Union Traction Co., 206 Pa. 71; Gaffney v. Union Traction Co., 211 Pa. 91; Rice v. P. R. T. Co., 214 Pa. 147.

It is manifest that under the uncontroverted facts in this case, it is squarely ruled by, and clearly comes within the case of Burns v. Johnstown Pass. Railway Co., 213 Pa. 143.

*L. S. Levin,* with him *A. H. Kaufman,* for appellee.— The case was for the jury: Renney v. Webster, Etc., Ry. Co., 50 Pa. Superior Ct. 579; McCaw v. Union Traction Co., 205 Pa. 271; Reber v. Pittsburgh, Etc., Traction Co., 179 Pa. 339; Brennan v. Schuylkill Traction Co.,. 27 Pa. Superior Ct. 188; Bumbear v. United Traction Co., 198 Pa. 198.

OPINION BY TREXLER, J., October 11, 1915:

"A passenger who rides on a side step of a street car when it is reasonably practicable for him to go inside the car, assumes all the risks of his position and in all

cases he assumes the risk incident to the usual swaying and jolting of the car and from collision from passing vehicles and with obstructions of whatever nature which unexpectedly appear. These are dangers which cannot be guarded against by the careful and prudent management of the car. But when the passenger by invitation of the conductor or with his knowledge and assent and from necessity because of the want of sitting or standing room inside the car rides on the side step, he is entitled to the same degree of diligence to protect him from dangers which are known or may readily be guarded against as are other passengers": Bumbear v. United Traction Co., 198 Pa. 198. This statement has been followed in a number of cases, the latest we have found being Simkins v. Philadelphia Rapid Transit Co., 244 Pa. 182.

In the case we are considering there was testimony to go to the jury showing that the car was crowded. "Awfully crowded, and no place to sit or stand inside the car," the plaintiff testified. Although there was conflicting testimony as to this fact, the question whether there was available space inside the car was for the jury: Renney v. Webster Street Ry. Co., 50 Pa. Superior Ct. 579. The fact that plaintiff had given his seat to a lady and thus voluntarily taken a place of danger does not change the matter. The real question is whether all the passengers allowed upon the car could be accommodated inside the car, or whether some were compelled by necessity to stand on the running board. When such overcrowding is permitted the responsibility to all the passengers follows. The case of Paterson v. Philadelphia Rapid Transit Co., 218 Pa. 359, cited by appellant, as was pointed out by Brother ORLADY in Renney v. Street Ry. Co., supra, does not change the rule.

The appellant contends that as the plaintiff knew of the existence of the poles and their nearness to the tracks, he should have guarded against the danger by avoiding it. The circumstances of the case are as fol-

lows: the night was dark, the plaintiff had requested the conductor to stop at a certain street but the car passed the street without stopping. He then turned to again apprise the conductor of his desire to alight. In the act of turning around on the running board to attract the attention of the conductor, his head came in contact with a pole and the injury ensued. Whether with the knowledge he had of the existence of the poles, the plaintiff was assuming a risk he should have avoided, according to the standards of an ordinarily prudent man, was a question for the jury. Considering the above facts, the darkness of the night, the fact that this request for the car to stop had been disregarded, that he was being borne beyond his destination, that his knowledge of the location of the poles was not a positive knowledge of the exact location of each pole but merely such a casual knowledge as was acquired by his having ridden upon the running board before and that to catch the attention of the conductor he had to turn his head and thus unintentionally pass the danger line, the question we think was rightly left to the jury and could not be decided by the court as a matter of law. The case of Burns v. Johnstown Ry. Co., 213 Pa. 143, differs from this. There the passenger on the car knew of the existence of the poles and showed by his acts and declarations that at the time of the accident his mind was on the danger he was incurring.

All the assignments of error are overruled and the judgment is affirmed.