Rice, Appellant, v. Philadelphia Rapid Transit Company.

214
35 SC 2601|
147|

*Negligence—Street railways—Passenger—Contributory negligence.*

The running board of a street car is not intended as a place of conveyance, but only as an aid to passengers in getting on and off the car. If passengers voluntarily ride upon it, they must do so at their own risk.

148 RICE, Appellant, *v.* PHILA. RAPID TRANSIT CO.

Where a passenger on an open street car in anticipation of the stopping of the car on the near side of a street, takes a position on the outside of the car, with one foot on the running board and the other on the body of the car, and, the car not stopping, continues in this position and is thrown off by a sudden jerk while the car is crossing the street, the street railway company will not be liable for the injuries sustained.

Argued Jan. 11, 1906.    Appeal, No. 29, Jan. T., 1905, by plaintiff, from order of C. P. No. 5, Phila. Co., Sept. T., 1902, No. 1143, refusing to take off nonsuit in case of Catharine Rice v. Philadelphia Rapid Transit Company.    Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before MARTIN, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*William C. Gross*, for appellant, cited: Linch v. Traction Co., 153 Pa. 102; Mitchell v. Electric Traction Co., 12 Pa. Superior Ct. 472; Sweeney v. Union Traction Co., 199 Pa. 293; Barden v. Boston, etc., R. R. Co., 121 Mass. 426; Treat v. Boston, etc., R. R. Co., 131 Mass. 371; Babcock v. Los Angeles Traction Co., 128 Cal. 173 (60 Pac. Repr. 780); Norton v. R. R. Co., 49 N. Y. Supp. 898.

*Thomas Leaming*, with him *Charles Biddle*, for appellee, cited: Barry v. Union Traction Co., 194 Pa. 576; Bumbear v. United Traction Co., 198 Pa. 198; Stager v. Ridge Ave. Pass. Ry. Co., 119 Pa. 70; Bainbridge v. Traction Co., 206 Pa. 71; Jennings v. Union Traction Co., 206 Pa. 31; Wood-roffe v. Roxborough, etc., Ry. Co., 201 Pa. 521.

OPINION BY MR. JUSTICE POTTER, February 26, 1906:

Judgment of compulsory nonsuit was entered in this case, for the reason that it appeared from the evidence that the plaintiff in anticipation of the stopping of the car, took a position on the outside of an open car, with one foot on the running

board, and the other on the body of the car. She expected it
to stop in front of the car barn, on the near side of Allegheny
avenue, but instead of stopping at this point, the car continued
in motion and passed across the street, to stop at the far side.
The plaintiff remained in the same position, which was evi-
dently insecure, with the result that, as she claims, a sudden
jerk threw her off in the middle of the street which the car
was crossing. The suggestion of counsel for appellant that
she was not voluntarily riding on the running board does not
seem to be borne out by the evidence. No satisfactory ex-
planation was given as to why she could not have regained a
position upon the body of the car, when she found that it had
passed the point where she first expected to alight. She had
been standing between the seats, and the space where she was
standing was not apparently filled up when she left it.

In describing the accident, she says: " I stood where I was,
thinking maybe the car would stop ; and before it did stop, it
went on faster until it threw me off; it gave a sudden jerk in
the middle (of Allegheny avenue)." The evidence does not
show that the jerk to which she referred caused any disturbance
to any other passenger.

In the case of Barry v. Traction Co., 194 Pa. 576, the plain-
tiff stood in much the same position as did this appellant, with
one foot on the lower step and one on the platform, and while
in that position was jolted off at a street crossing. The judg-
ment of nonsuit there entered was affirmed by this court.

Again, in Bumbear v. Traction Co., 198 Pa. 198, we said
that a passenger who rides upon the running board of an open
car assumes the risks incident to the usual swaying and jolting
of the car. And in Bainbridge v. Union Traction Co., 206 Pa.
71, where the plaintiff stepped down on the running board, and
while there, the car stopped with a sudden and violent jerk
which threw him off, we said : " When the appellant left his
seat where he was safe and stepped down on the running board
of the car and remained there while it was in motion, he vol-
untarily put himself in a place of danger and took upon him-
self the risk of his position from any cause."

Under the authority of these cases, and others which might
be cited, the trial court was entirely justified in entering judg-
ment of compulsory nonsuit. The running board is not in-

tended as a place of conveyance, but only as an aid to passengers in getting on and off the car. If passengers voluntarily ride upon it, they must do so at their own risk.

The assignment of error is overruled and the judgment is affirmed.