# Tilton, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Passengers—Sudden stop—Presumption of negligence—Nonsuit.*

1. In an action by a passenger against a street railway company to recover damages for personal injuries a nonsuit is improperly entered where plaintiff testifies that while he was seated in the car it came to a sudden and violent stop throwing him forward against the seat in front of him.

2. Such an unusual manner of stopping a car justifies an inference of negligence in the management of the car, and calls for an explanation by the defendant company. It is therefore not a case for a nonsuit.

Argued Jan. 17, 1911. Appeal, No. 289, Jan. T., 1910, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1907, No. 2,038, refusing to take off judgment of nonsuit in case of Adrian S. Tilton v. Philadelphia Rapid Transit Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BARRATT, J.

Plaintiff testified that about 8:15 A. M. on December 9, 1907, he boarded a Haddington car in the city of Philadelphia having an aisle in the center and sat in the second cross seat from the rear; that the car was going out Girard avenue between Fiftieth and Fifty-first streets and "While I was sitting there I wasn't looking ahead, and the car stopped sudden. There was a noise and I was thrown forward. . . . I was thrown forward against the seat in front of me and hit my arm . . . . I got up and got out of the car to see what hit. I seen a wagon there turned over . . . . turned over on the track. . . . The fender was just bent up a little, and I got back in the car again."

The court entered a compulsory nonsuit.

*Error assigned* was refusal to take off nonsuit.

*Meredith Hanna,* for appellant.—Where a passenger is injured, either by anything done or omitted by the carrier or its employees, or anything connected with the appliances of transportation, the burden of proof is upon the carrier to show that such injury was in no way the result of its negligence: Thomas v. Philadelphia & Reading Ry. Co., 148 Pa. 180; Seither v. Traction Co., 125 Pa. 397; Shay v. Ry. Co., 66 N. J. Law, 334 (49 Atl. Repr. 547); Goorin v. Traction Co., 179 Pa. 327.

In the following cases the plaintiff, a passenger, was in each case injured by the shock of a sudden stoppage or plunge of the car in which he rode. The cause of the accident was not shown and the mere happening of the accident was held to raise the presumption of negligence of the defendant: Dixey v. Traction Co., 180 Pa. 401; Clow v. Traction Co., 158 Pa. 410.

In the following cases plaintiff was injured while a passenger in a railway train by collision of the train with a cow on the track; yet he was held entitled to recover: Clark v. R. R. Co., 24 Pa. Superior Ct. 609; Sullivan v. R. R. Co., 30 Pa. 234.

*Thomas Leaming,* with him *Bernard J. 'O'Connell,* for appellee.—No presumption of negligence arises from the mere fact of an injury to a passenger caused by contact between the car and a wagon not under the control of the carrier, and the burden of proof remains in its normal position—upon the plaintiff: Ginn v. R. R. Co., 220 Pa. 552; Cline v. Rys. Co., 226 Pa. 586; Federal Street & Pleasant Valley Ry. Co. v. Gibson, 96 Pa. 83; People's Pass. Ry. Co. v. Weiller, 17 W. N. C. 306; Goorin v. Allegheny Traction Co., 179 Pa. 327; Willis v. Second Ave. Traction Co., 189 Pa. 430; Downey v. Pittsburg Rys. Co., 219 Pa. 592; Gaines v. Chester Traction Co., 224 Pa. 52; Blew v. Phila. Rapid Transit Co., 227 Pa. 319; Chicago City Ry. Co. v. Reed, 163 Ill. 477 (45 N. E. Repr. 238); Chicago Union Traction Co. v. Mee, 218 Ill. 9 (75 N. E. Repr. 800).

OPINION BY MR. JUSTICE POTTER, March 20, 1911:

The plaintiff in this case has appealed from the refusal of the court below to take off a judgment of compulsory nonsuit. The defendant company was charged with negligence in the operation of one of its cars; and the specific act of which complaint was made was a sudden and violent stop, resulting in injury to the plaintiff. Under ordinary circumstances, with the car under proper control, when it is brought to a stop by the motorman, it is not done so abruptly as to injure a passenger, by throwing him forward against the seat in front of him. Yet that was what occurred in this case, if the testimony of the plaintiff is to be credited. Such an unusual manner of stopping the car called for explanation by the defendant. If the sudden and violent stop was made necessary by something which occurred outside the car, and which was beyond the control of the motorman, and in his judgment made it needful to stop abruptly, rather than incur the risk of otherwise causing more serious injury, that fact should have been made to appear. But, in the absence of any explanation, the occurrence as described in the testimony of the plaintiff, was sufficient to justify an inference of negligence in the management of the car. It matters not whether there was an actual collision with a wagon; the point of the inquiry would be as to the conduct of the motorman, and whether or not he was justified in stopping his car in what under ordinary circumstances would have been a negligent manner, and with needless violence. The testimony of the plaintiff showed that the motorman did not manage his car in the manner usually and ordinarily proper in making stops, and that this action resulted in injury to the plaintiff. This evidence placed the duty of explanation and justification upon the defendant; and the judgment of compulsory nonsuit should not have been entered.

The judgment is reversed with a procedendo.