# Sanson *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence — Street railways — Passengers — "Unusual jerk"—*
*Evidence—Contradictory statements—Credibility of witnesses—*
*Court and jury.*

1. In an action by a passenger against a street railway company to recover damages for personal injuries where the negligence charged is an unusual and extraordinary jump or jerk of a trolley car, the burden is on the plaintiff to prove the unusual or extraordinary character of the jump or jerk in order to make out a case. The company would not be liable for an injury that might accidently result from a slight jerk of the car and one such as frequently occurs even under the most careful operation. It is only where the jerk is out of the ordinary and is unusual and extraordinary that liability attaches on the ground of negligent operation.

2. In an action against a street railway company to recover damages for personal injuries, the case is for the jury where plaintiff testifies that he was a passenger on the car of the defendant company; that the seats ran lengthwise along the side of the car, and that he was seated in the rear corner on the right hand side; that as the car approached a side street he gave notice to the conductor to stop and the conductor, who was then at the front of the car taking down the record of the register in his book, turned around, looked at him, and as he thought recognized his signal to stop because the car began to slow down; that he then reached out, and with his hand took hold of the handle of the rear door, and as the car continued to slow down, he arose from his seat, still holding the handle on the door, and stood in the open doorway waiting until the car should stop so that he could safely alight; and that while he was standing in that position "the speed of the car was suddenly increased with an unusual jump or jerk" which caused him to be thrown from the open doorway to the rear platform from whence he fell or was thrown to the street; and his narration of these facts is corroborated in many particulars by two other witnesses.

3. Where in such a case plaintiff dies before the trial of the action and his executor is substituted as plaintiff and the evidence of the original plaintiff is given on the trial in the form of a deposition taken prior to his death, the court is not justified in holding as a matter of law that the deponent was unworthy of be-

lief and that his evidence should be disregarded because of declarations in a signed statement made to an agent of the defendant company soon after the accident contradictory of those contained in the deposition.

Argued Feb. 11, 1913. Appeal, No. 348, Jan. T., 1912, by defendants, from judgment of C. P. Delaware Co., June T., 1911, No. 229, on verdict for plaintiff in case of Emma C. Sanson, Executrix of Eugene M. Sanson, deceased, v. Philadelphia Rapid Transit Company. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The facts appear in the opinion of the Supreme Court.

The accident occurred on March 17, 1910.

Verdict for plaintiff for $2,650.00 and judgment thereon. Defendant appealed.

*Error assigned* was refusal to enter judgment for defendant non obstante veredicto.

*William I. Schaffer,* for appellant.—Plaintiff was guilty of contributory negligence in rising to his feet and standing in the open doorway of a moving car as part of the process of alighting: Mooar v. Pittsburgh Rys. Co., 219 Pa. 616; Bainbridge v. Union Traction Co., 206 Pa. 71; Jennings v. Union Traction Co., 206 Pa. 31; Bendon v. Union Traction Co., 26 Pa. Superior Ct. 539.

*William C. Alexander,* with him *G. Dore Cogswell,* for appellee.—The question of defendant's negligence was for the jury: Goodhart v. Columbia & Montour Electric Railway Company, 36 Pa. Superior Ct. 441; White v. Columbia & Montour Electric Railway Company, 215 Pa. 462; Powelson v. Traction Co., 204 Pa. 474; Boulfrois v. Traction Co., 210 Pa. 263; Sweeney v. Union Traction Company, 199 Pa. 293.

Plaintiff was not guilty of contributory negligence: Sweeney v. Traction Co., 199 Pa. 293; Mitchell v. Traction Company, 12 Pa. Superior Ct. 472; Snowden v. Philadelphia Rapid Transit Company, 236 Pa. 52.

OPINION BY MR. JUSTICE ELKIN, March 10, 1913:

This is an action for personal injuries. The case was submitted to the jury and a verdict was returned in favor of the plaintiff for the damages resulting from the negligence charged. There are two assignments of error: The first, that the court erred in refusing to direct a verdict for the defendant; the second, that there was error in refusing defendant's motion for judgment non obstante veredicto upon the whole record. According to the view of appellant this was a case for the court and not for the jury. Sanson testified that he was a passenger on a car of the defendant company going west on Parkside avenue. The seats ran lengthwise along the side of the car. He was seated in the rear corner on the right hand side. As the car approached Marlton avenue he gave notice to the conductor to stop, and the conductor who was then at the front of the car taking down the record of the register in his book, turned around, looked at him, and as he thought recognized his signal to stop, because the car began to slow down. He then reached out, and with his hand took hold of the handle of the rear door, and as the car continued to slow down, he rose from his seat, still holding the handle on the door, and stood in the open doorway waiting until the car would stop so that he could safely alight. While he was standing in that position, "the speed of the car was suddenly increased with an unusual jump or jerk" which caused him to be thrown through the open doorway to the rear platform from whence he fell or was thrown to the street. He was severely injured as a result of what happened, and he charges that what did happen was the result of the negligent operation of the car. His narration of these facts was corroborated in many particulars

by two other witnesses. Certainly this made out a prima facie case for the plaintiff on the question of defendant's negligence. We agree that where the negligence charged is an unusual or extraordinary jump or jerk of a trolley car the burden is on the plaintiff to prove the unusual or extraordinary character of the jump or jerk in order to make out a case. It should not be overlooked that street railway companies in cases of this character are only liable for the negligent operation of their cars. It is a matter of common knowledge that in the ordinary and customary operation of trolley cars jerks will frequently occur in starting and stopping them. Clearly, the company would not be liable for an injury that might incidentally result from a slight jerk of the car, and one such as may frequently occur even under the most careful operation of a car. It is only where the jerk is out of the ordinary, and is unusual and extraordinary, that liability attaches on the ground of negligent operation. That is not negligent which is incidental to and a recognized consequence of the operation of street railway cars. In the present case, if the facts relating to the occurrence as set forth in the deposition made by the injured husband just prior to his death, correctly state what did occur at the time of the accident, the jury would be warranted in finding that the jump or jerk of the car was of such an unusual and extraordinary character as to show negligent operation. But appellant contends that deponent is unworthy of belief, and that his evidence should be disregarded because of contradictory statements in a signed statement made to an agent of the operating company soon after the accident and those contained in the deposition. This contention, as we understand it, would require the court to hold as a matter of law that the witness was unworthy of belief. We are not familiar with any case that has gone so far. The matters complained of affect the credibility of the witness, but surely it is the province of the jury to pass upon this question. The injured

husband died prior to the trial and, therefore, could only be heard through the deposition taken for the purpose. If he had been a witness on the stand, and in the course of his testimony had made contradictory statements relating to material facts, the trial court could not have said as a matter of law that his testimony should be disregarded. Under such circumstances it would have been the province of the jury to determine whether his testimony was worthy of belief and what effect should be given it. All of these things went to the credibility of the witness, and this is for the jury. We can see no difference in principle because the evidence was introduced by way of deposition. It is also suggested that the deposition should not have been admitted in evidence, but there is no assignment raising the question, and even if such error had been assigned we do not see upon what ground it could have been sustained.

It is also urged that there was no sufficient evidence that the injuries complained of either caused or accelerated the death of the injured husband. Here, again, we are met with the inquiry, who shall determine this question? It is only in clear cases that a court can declare the evidence to be insufficient as a matter of law. We cannot agree that this is such a case. What caused the death of the injured man was a very important question in the case, but it was not for the court to decide it. That question was likewise for the jury, and there is no assignment of error as to the manner of submission.

After a careful review of the entire record we have concluded that this was a case for the jury on every disputed question and that we would not be warranted in setting aside their verdict by declaring as a matter of law no liability attached to appellant.

Judgment affirmed.