## Thompson's Estate.

*Practice, Supreme Court—Appeal—Absence of assignments of error.*

An appeal will be quashed where there are no assignments of error.

Argued March 22, 1916. Appeal, No. 36, Jan. T., 1916, by Joseph T. Thompson, from decree of O. C. Philadelphia Co., in Estate of Charles Thompson, Deceased. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Appeal quashed.

*Joseph T. Thompson,* propria persona, for appellant.

*Joseph E. Sagebeer,* for appellee.

PER CURIAM, April 17, 1916:

As there are no assignments of error in this case the appeal is quashed.

---

## Uffelman, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Passengers—Unusual jerk — Res ipsa loquitur—Insufficient evidence—Nonsuit.*

In an action against a street railway company to recover damages for personal injuries alleged to have resulted to a passenger from the violent starting and subsequent jerking of a street car, a nonsuit was properly entered where plaintiff stated that the car "started violently," but there was no evidence as to any unusual or extraordinary starting or subsequent operation of the car.

Argued March 22, 1916. Appeal, No. 68, Jan. T., 1916, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., March T., 1915, No. 1382, entering compulsory non-

suit in the case of Sarah G. Uffelman v. Philadelphia Rapid Transit Company.  Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ.  Affirmed.

Trespass to recover damages for personal injuries.

The facts appear from the following statement by DAVIS, J., in entering the nonsuit:

The plaintiff complains that the negligence of the defendant company on violently starting and the subsequent jerking of a car upon which she was a passenger, caused the injury.  It appears that she entered a car at 33d and Chestnut streets.  There is no allegation that the car had not come to a full stop.  On the contrary, it is admitted that the plaintiff was within the car, which was of a type known as "Pay-as-you-enter"; she was standing in front of the box in the act of receiving change from the conductor.  At the time of the accident the plaintiff weighed two hundred and fifteen pounds.  She testified that she swayed forward and then backward and was caught by another passenger and the conductor. She subsequently went to 13th and Chestnut streets, where she alighted, got on a 13th street car and went to her destination in Kensington; she was obliged to walk some distance both going to, and returning in the evening from her destination in Kensington.  She further testified that she did not observe that any other passengers were disturbed by reason of the starting or jerking of the car.  I am of opinion that where the negligence charged is an unusual and extraordinary jolting or jerking of the car the burden is on the plaintiff to prove the unusual or extraordinary character of the starting or subsequent jerking or jumping of the car in order to take the case to the jury.  The testimony of the plaintiff is that "the car started violently," but there is no evidence as to any unusual or extraordinary starting or subsequent operation of the car; no presumption of negligence arises from the use of the words "violently started."  As has been said in the case of Sanson v. Philadelphia Rapid

Transit Co., 239 Pa. 505, 508: "The company would not be liable for an injury that might accidentally result from a slight jerk of the car and one which frequently occurs even in the most careful operation. It is only where the jerk is out of the ordinary and is unusual and extraordinary that liability attaches on the ground of negligent operation."

I am of opinion that the plaintiff has failed to show that the car was operated in such an unusual, extraordinary or negligent manner as she alleges. I therefore grant the motion of the defendant for judgment of nonsuit.

The court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Robert G. Erskine,* for appellant.

*William M. Stewart, Jr.,* for appellee.

PER CURIAM, April 17, 1916:
This judgment is affirmed for the reasons given by the learned trial judge for entering the nonsuit.

---

## Tower's Estate.

*Wills—Construction—Gift in trust—Power of trustee to invest.*
A testator gave the residue of his estate in trust to "invest and keep invested" and "to preserve such investments and securities as I shall leave standing in my name so long as they......shall deem prudent" with "full power to select any investment or securities they may approve except the capital stock of corporations." Part of such residue of testator's estate consisted of 500 shares of stock in a certain corporation, which, after testator's death doubled its capital stock and gave to each stockholder the right to subscribe for additional shares, equal in amount to his holdings. The trustees subscribed for the additional stock and on the audit of their ac-