# Fornwalt *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Street railways—Passenger—Sudden jerk of car.*

In an action by a woman passenger against a street railway company to recover damages for a fracture and sprain of a thumb, no recovery can be had against the company where the only witness who described the accident is the plaintiff, and she testifies that the car was standing when she got on, that she paid her fare and started to walk back in the car when "with a sudden jerk of the car it threw me, and I went to protect myself from falling to the floor, struck my hand on the end of the seat and sustained the fracture."

In such a case it is error for the trial judge to refuse to charge that unless the evidence shows that the jerk was unusual and extraordinary, the verdict must be for the defendant.

There is no presumption of negligence arising from the use of the words "sudden jerk."

Argued Nov. 2, 1916.    Appeal, No. 252, Oct. T., 1916, by defendant, from judgment of Municipal Court, Philadelphia Co., April T., 1916, No. 390, on verdict for plaintiff in case of Anna Fornwalt v. Philadelphia Rapid Transit Company.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for personal injuries. Before KNOWLES, J.

Verdict and judgment for plaintiff for $250.    Defendant appealed.

*Error assigned* was in refusing motion for defendant n. o. v.

*Harry S. Ambler, Jr.,* for appellant.—Among the risks incidental to the operation of a street car which a passenger assumes are jolts or jerks of a nonnegligent character, and, there being no evidence of any unusual jerk

in this case, there was no question of negligence to submit to the jury: Boston Elevated Ry. Co. v. Smith, 168 Fed. 628; McGann v. Boston Elevated Ry. Co., 199 Mass. 446; Dawson v. Maryland Electric Ry. Co., 119 Md. 373; Moss v. Philadelphia Traction Co., 180 Pa. 389; Sanson v. Philadelphia Rapid Transit Co., 239 Pa. 505; Herstine v. Lehigh Val. R. R. Co., 151 Pa. 244.

*Thomas J. Norris,* for appellee.—The case was for the jury: Smedley v. Hestonville, Etc., Ry. Co., 184 Pa. 620; Clow v. Pittsburgh Traction Co., 158 Pa. 410; Holmes v. Allegheny Traction Co., 153 Pa. 152; Goodhart v. Columbia & Montour Elec. Ry. Co., 36 Pa. Superior Ct. 441; Powelson v. United Traction Co., 204 Pa. 474; Boulfrois v. United Traction Co., 210 Pa. 263; White v. Columbia & Montour Elec. Ry., 215 Pa. 462.

OPINION BY ORLADY, P. J., March 9, 1917:

The controlling facts in this case are undisputed. This plaintiff's allegation is "That on entering the defendant's car she was compelled to stand, by reason of all the seats in the car being occupied by other passengers, and while so standing the servants in charge of the car negligently and carelessly started it with such sudden force and violence as to throw her from the place in which she was standing, and in order to save herself from falling she put out her right hand, which struck one of the seats of the car with such force as to fracture and sprain the thumb of her hand." On the trial the plaintiff was the only witness who described the accident and she testified, "I was entering the car at Thirty-ninth and Market streets, had gotten in the car, paid my fare, and the car was crowded,—with a sudden jerk of the car it threw me and I went to protect myself from falling to the floor, struck my hand on the end of the seat and sustained the fracture." On cross-examination she was somewhat more explicit, and stated that the car was standing still when she got on; when she went to the conductor's booth,

and paid her fare she started to walk back in the car; while so walking the accident happened. She did not know whether other passengers boarded the car at that stop or not, but she was the only one who was pushed, or thrown or hurt.

On the trial counsel for defendant requested the court to charge, that the burden was on the plaintiff to show affirmatively that the car started in an extraordinary and unusual manner, which was so stated by the court to the jury; when counsel requested further that the court should charge the jury that unless the evidence showed that the jerk was unusual and extraordinary, the verdict for that reason, must be for the defendant, which was refused by the court, as well as the request for binding instructions. The verdict was for the plaintiff, and the defendant appealed.

The validity of the verdict depends on the effect to be given to the refusal of the court to charge as requested and the measure of proof required in such case. The only description of the accident by any witness is, that it was caused by the alleged sudden jerk of the car. While these words are in common use, and are well understood; however, as they are used by the plaintiff, they are intended to impute to the defendant company a negligent act which caused her injuries, and for which she asks compensation in damages.

The change made by a stationary car to that of its ordinary progression necessarily involves a physical movement that is frequently abrupt and active, and our common experience teaches all of us that this change is effected with more or less of a hasty, irregular forward movement. It is sudden, in the sense that the movement is quick and rapid, but ordinarily it is not unexpected or without notice or unforeseen. It may be abrupt, but it is always reasonably to be anticipated by a passenger familiar with the movements of trolley cars.

The question involved in this case is whether with this meagre description of the alleged cause of the accident,

the nonliability of the defendant, should be determined by the court on account of inadequacy of proof, or be submitted to a jury to have that tribunal determine, whether the words as used by the plaintiff were sufficient to warrant the inference that the movement of the car was negligent, and that on account of such negligent movement the plaintiff received her injuries.

The increasing number of such cases makes it more important to fairly determine the effect to be given to such words as descriptive of an accident.

In Rice v. Philadelphia Rapid Transit Co., 214 Pa. 147, the accident was described as follows: "I stood where I was, thinking maybe the car would stop; and before it did stop, it went on faster until it threw me off; it gave a sudden jerk in the middle of Allegheny avenue"; the evidence does not show that the jerk to which she referred caused any disturbance to any other passenger and it was held that under the authority of cited cases the trial court was justified in entering a judgment of compulsory nonsuit. True there was involved in this case the hazard of riding on a running board, but the primary question was "the sudden jerk of the car." In Sanson v. Philadelphia Rapid Transit Co., 239 Pa. 505, it was urged by appellant that the plaintiff was guilty of contributory negligence in rising to his feet and standing in the open doorway of a moving car as part of the process of alighting, the court, by ELKIN, J., stated, We agree that where the negligence charged is an unusual or extraordinary jump or jerk of a trolley car, the burden is on the plaintiff to prove the unusual or extraordinary character of the jump or jerk, to make out the case. It should not be overlooked that street railway companies, in cases of this character, are only liable for the negligent operation of their cars. It is a matter of common knowledge that in the ordinary and customary operation of trolley cars jerks will frequently occur in starting and stopping them. Clearly, the company should not be liable for an injury that might incidentally

result from a slight jerk of the car under the most careful operation of a car. It is only where the jerk is out of the ordinary, and is unusual and extraordinary, that liability attaches on the ground of negligent operation, that is not negligence which is incidental to and a recognized consequence of the operation of a street railway car.

In Kleine v. Pittsburgh Rys. Co., 252 Pa. 214, the plaintiff testified the car gave "an awful jerk and threw her out on to the street, that the car was going awful fast and the jerk occurred in making the stop and was sufficiently violent to throw her beyond the running board into the street." Another witness testified that "it was an unusually severe jerk,......it was hard enough to throw anybody else out of the street car." A judgment in plaintiff's favor was affirmed by the Supreme Court, but it was stated, "Admitting the burden was on plaintiff to show the operation of the car was so unusual as to warrant the inference of negligence, plaintiff fully met this legal requirement if the jury believed her testimony, and that of her witness......Where the issue includes the rate of speed, mere statements that the car was running fast, pretty fast, awful fast, or similar language may well be held insufficient, as speed is susceptible of more accurate description than by such general terms."

In Uffelman v. Philadelphia Rapid Transit Co., 253 Pa. 394, a judgment of nonsuit was entered in the court below and affirmed by the Supreme Court, for the reason as given by the trial judge that, "Where the negligence charged is an unusual and extraordinary jolting or jerking of the car the burden is on the plaintiff to prove the unusual or extraordinary character of the starting or subsequent jerking or jumping of the car, in order to take the case to the jury. The testimony of the plaintiff is that the car started violently, but there is no evidence as to any unusual or extraordinary starting or subsequent operation of the car; no presumption of negligence arises from the use of the words 'violently started.' "

Under the facts of the case before us, following the above authorities, we are obliged to hold that there is no presumption of negligence arising from the use of the words—"sudden jerk,"—and that it was incumbent on the plaintiff to show affirmatively that this jerk was not only unexpected by her, but was unusual and violent, and as set out in her statement the car was "carelessly and negligently started, with such sudden force and violence" so as to produce her injuries.

Without further proof on this phase of her case, the point (second assignment) presented by the defendant should have been affirmed. It follows, that the third assignment of error must be sustained.

The judgment is reversed, the record is remitted to the court below with direction to enter judgment in favor of the defendant, non obstante veredicto.