# Crawford, Appellant, *v.* Reading Transit & Light Co.

*Negligence—Street railways—Passenger—Alighting from car—Sudden jar—Burden of proof—Nonsuit.*

1. A passenger on an electric car cannot recover damages for personal injuries sustained by being thrown down while stepping from the body of the car to the platform, where her own testimony, taken in its most favorable light, fails to show a sudden jerk or an unusual and unexpected jolting or jumping of the car, or any

action not incident to the usual and ordinary stopping of trolley cars.

2. In such case the burden of proof is on plaintiff to show the action of the car was out of the ordinary, or unusual and extraordinary.

Argued January 9, 1922.   Appeal, No. 88, Jan. T., 1922, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1920, No. 5971, refusing to take off nonsuit, in case of Lucia R. Crawford v. Reading Transit & Light Co. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.   Affirmed.

Trespass for personal injuries.   Before SHOEMAKER, J. The opinion of the Supreme Court states the facts. Nonsuit, which the court refused to take off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*Theo. Cuyler Patterson,* for appellant.

*Harold B. Beitler,* for appellee.

PER CURIAM, February 13, 1922:

Plaintiff, a passenger on one of defendant's trolley cars, sued to recover damages for injury received when about to alight from the car.   Her allegation in the statement of claim is that, as the car approached the stopping point, she walked toward the front door and, in stepping from the body of the car to the platform, "was suddenly hurled backward and down upon the floor of the car with great force and violence by the unexpected and unusual jolting and jumping of the car."   The court below granted a nonsuit which it subsequently refused to take off.   Plaintiff appealed.

The burden was on plaintiff to show the action of the car was out of the ordinary, or unusual and extraordinary, before liability attached to defendant on the ground

of negligent operation: Sanson v. Phila. Rapid Transit Co., 239 Pa. 505.

The only testimony referring to the happening of the accident is that of plaintiff, as follows: "Q. What did the car do? A. It was going quite fast. Then it slowed some, and I got up while it was moving, and I got up to leave the car, and as I stepped from the body of the car down on to the platform, sudden, violent and unexpected, it threw me back full length on the floor of the car. No one seemed to notice just then. I got up myself, and the motorman noticed it then, and he turned around. I said 'You threw me down.'" This testimony in its most favorable light toward plaintiff fails to show a sudden jerk or an unusual and unexpected jolting or jumping of the car or any action not incident to the usual and ordinary stopping of trolley cars. The case is ruled by Sanson v. Rapid Transit Co., supra, and Uffelman v. Same, 253 Pa. 394.

The judgment is affirmed.