# Sol Zieger, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence —Street railways —Sudden jolt—Evidence—Insufficiency.*

In an action of trespass to recover damages for personal injuries it appeared that the plaintiff, while walking to his seat in a trolley car was thrown to the floor and injured by a sudden jolt of the car. The manner in which the car was operated was described as an "awful jerk," but no witnesses testified that the jerk had any effect whatsoever on themselves or any other passengers of the car.

Such a description, unaccompanied by testimony inherently establishing its extraordinary character, or by evidence of its effect on other passengers who must have been disturbed to some extent by an unusual or extraordinary jolt of the car, is too vague to sustain a finding of negligence. Under such circumstances, therefore, judgment is properly entered for the defendant non obstante veredicto.

*Appeals—Assignments of error—Rule 28.*

An assignment of error to the granting or refusal of a motion, or the making absolute or discharging of a rule, which does not quote verbatim the motion or the rule and the judgment of the court thereon, is not in compliance with Rule 28 of the rules of the Superior Court.

Argued December 10, 1924. Appeal, No. 286, Oct. T., 1924, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1923, No. 9280, on judgment for defendant non obstante veredicto, in the case of Sol Zieger v. Philadelphia Rapid Transit Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

542 ZIEGER, Appel., *v.* PHILA. RAPID TRANSIT CO.

Assignment of Error—Opinion of the Court. [84 Pa. Superior Ct.

Verdict for plaintiff in the sum of $500. Subsequently the court, on motion, entered judgment for defendant non obstante veredicto. Plaintiff appealed.

The assignment of error was in the following form:

1. The court below erred in granting defendant's motion for judgment non obstante veredicto.

*Bertram K. Wolfe,* and with him *Aarons, Weinstein & Goldman,* for appellant.

*H. Rook Goshorn,* for appellee.

OPINION BY KELLER, J., February 27, 1925:

Plaintiff alleged that while walking to a seat after boarding one of defendant's cars he was thrown to the floor and injured by a violent jolt due to the negligence of defendant's employees in the operation of the car. He brought this action of trespass and recovered a verdict. The court later entered judgment for the defendant non obstante veredicto. Plaintiff appealed and assigns this action as error.

In his account of the event plaintiff said "the car all of a sudden jerked. . . . . . . It started up all of a sudden, with a jerk, and stopped all of a sudden, and that threw me down." His two witnesses—who were car riders with him—described it briefly as an "awful jerk," but neither of them testified that the jerk had any effect whatever on themselves or any other passengers in the car. In Kleine v. Pittsburgh Rys. Co., 252 Pa. 214, 217, the Supreme Court said, "A jolt caused by the abrupt stopping of a car cannot be more specifically described than by the use of general terms followed by evidence of the general effect of the jar on the passengers." In Rice v. Phila. R. T. Co., 214 Pa. 147, where a judgment of compulstory nonsuit was sustained, the Supreme Court said: "The evidence does not show that the jerk to which she referred caused any disturbance to any other passen-

ger" (p. 149). In Uffelman v. Phila. R. T. Co., 253 Pa. 394, where a nonsuit was also entered, attention was drawn to the fact that there was no testimony that any other passengers were disturbed by reason of the starting or jerking of the car. On the other hand, in Bliss v. Phila. R. T. Co., 73 Pa. Superior Ct. 173, where a recovery was sustained, the jolt was not only described as unusual in general terms, such as in this case, but it was shown to have affected other passengers on the car. Similar testimony was also present in Goodhart v. Columbia & Montour Elec. Ry., 36 Pa. Superior Ct. 441.

The cases chiefly relied upon by appellant presented stronger intrinsic evidence of the unusual character of the jolt or jerk. In Tilton v. Phila. R. T. Co., 231 Pa. 63, the plaintiff was seated when the jolt occurred and was thrown violently forward against the seat in front of him. The court pointed out that this circumstance of itself was evidence of the unusual character of the jerk; whereas it is not unusual for persons to lose their balance while walking in a car if an ordinary or moderate jolt occurs. It is common knowledge that one's balance or equilibrium is much more easily lost when walking in a moving car than when seated. In Sanson v. Phila. R. T. Co., 239 Pa. 505, the jolt was so violent and unusual that plaintiff while rising out of his seat, was thrown clear out onto the platform and into the street.

President Judge ORLADY reviewed the cases at some length in his opinion in Fornwalt v. Phila. R. T. Co., 65 Pa. Superior Ct. 559, and showed that the use of the words "sudden jerk" to describe the occurrence was not sufficient to establish a case of negligence. We are of opinion that even the term, "awful jerk" when not accompanied by testimony inherently establishing its extraordinary character or by evidence of its effect on other passengers, who must have been disturbed to some extent by an unusual or extraordinary jolt of the car, is too vague to sustain a finding of negligence.

The assignment of error in this case is not in compliance with Rule 28 of our rules of court, and of itself warrants the dismissal of the appeal. We have, however, considered the case on its merits.

The judgment is affirmed.