# Harkins et ux., Appellants, *v.* Philadelphia Rapid Transit Co.

*Negligence—Street railways—Passenger—Jerk of car.*

A passenger on a street railway car cannot recover damages for personal injuries resulting from a sudden jerk of the car, causing her to fall while standing with a suit case in her hand, and paying her fare, where it appears that no other passenger was injured, and that no evidence was offered to describe the attending circumstances, or to prove an improper manipulation of the car.

Submitted May 3, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 381 and 382, Jan. T., 1925, by plaintiffs, from judgment of C. P. No. 2, Phila. Co., March T., 1922, No. 9013, on directed verdict for defendant, in case of Philip S. Harkins and Anna, his wife, v. Philadelphia Rapid Transit Co. Affirmed.

Trespass for personal injuries. Before MAXWELL, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendant. Plaintiffs appealed.

*Error assigned* was, inter alia, direction for defendant, quoting record.

*John Martin Doyle* and *Eugene Raymond,* for appellants.

*Harry S. Ambler, Jr.,* for appellee.

PER CURIAM, May 26, 1926:

The court below directed a verdict for defendant, judgment was entered thereon, and plaintiffs have appealed.

Anna Harkins, wife of the other plaintiff, Philip S. Harkins, testified that she was a passenger on one of defendant's street cars; she arose to pay her fare, handed the conductor a dollar, and, while waiting for change, the car stopped with a jerk and she was thrown and injured. There is nothing in the evidence to show that any other passenger was affected by the alleged jerk of the car; in fact, no effort was made by plaintiff to describe the attending circumstances, to prove improper manipulation of the car, or so to picture, or describe, the stop and its effect on others in the car as to enable the jury to form an independent judgment concerning its alleged unusual and extraordinary nature. Trolley cars often stop with a jerk under ordinary circumstances. All we have here is a woman standing in a moving car with a suit case in her hand, testimony that the car stopped with a jerk and she fell, afterward discovering that her knee was hurt and her shoe damaged; this is not enough to establish negligent operation of the car: see Uffelman v. Phila. Rapid Transit Co., 253 Pa. 394; Zieger v. Phila. Rapid Transit Co., 84 Pa. Superior Ct. 541.

The judgment is affirmed.