## Holutin *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Trolley cars—Sudden stop—Personal injuries—Evidence—Insufficiency.*

In an action of trespass for personal injuries a verdict for the defendant will be reversed, where the only evidence of the alleged

negligence was that the trolley car in which the plaintiff was riding came to "a hard stop." Such a general term used to describe a shock must be followed by the evidence of the general affect of the jar on the passengers, where there were no circumstances shown attending the accident from which the character or violence of the shock could be inferred. The fact that the plaintiff fell would not alone be evidence of an unusual stop. Her testimony that it was a hard stop did not measure up to the standard which is required to permit a recovery.

Argued October 12, 1926.   Appeal Nos. 95 and 96, October T., 1926, by defendant from judgment of Municipal Court, Philadelphia County, March T., 1924, No. 241, in the case of Joe and Bessie Holutin v. Philadelphia Rapid Transit Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Bessie Holutin, for $1,000 and for plaintiff, Joseph Holutin, for $100, and judgment thereon.   Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Lewis C. Cassidy,* for appellant, cited: Zeiger v. Philadelphia Rapid Transit Company, 84 Pa. Superior Ct. 541; Fornwalt v. Philadelphia Rapid Transit Company, 65 Pa. Superior Ct. 559; Uffelman v. Philadelphia Rapid Transit Company, 253 Pa. 394.

*Alexander N. Rubin,* for appellee, cited: Ferrara v. West Jersey and Seashore Railroad Company, 73 Pa. Superior Ct. 505; Sweeney v. Union Traction Company, 199 Pa. 293; Bliss v. P. R. T. Co., 73 Pa. Superior Ct. 173; Kleine v. Pittsburgh Railway Company, 252 Pa. 214.

OPINION BY TREXLER, J., December 10, 1926:

The plaintiff boarded a trolley car of the defendant and took a seat in the center of the car. In the middle of the block, by pushing a button, she signalled for a stop at Thirty-fifth Street. The car slowed down a little bit, she came to the door and took hold of the rail with her right hand and in her left hand she carried a package with a wooden handle and a cloth bag with a handle. Instead of stopping, the car went as "fast as she could" and when the plaintiff informed the conductor of her desire to get off, he gave a push to the button and the car stopped so suddenly that it threw the plaintiff off of her feet. She described the stop as "a hard stop" never had such a hard stop before. This is her story and we have to accept it, although all the other witnesses who were called gave a different version of the matter both as to the suddenness of the stop and the cause of her fall. Giving her story its fullest effect, we note that there were no circumstances shown attending the accident from which the character or violence of the stop could be inferred. The fact that she fell would not alone be evidence of an unusual stop. Her testimony that it was a hard stop did not measure up to the standard which has been fixed by the decisions on this subject. The general term used to describe the shock must be followed by evidence of the general effect of the jar on the passengers. There may be, it is true, intrinsic evidence of the unusual jolt or jerk by its effect on the person injured, but in the present case there is none, for it is not unusual for persons to lose their balance when standing in a moving car. This is common knowledge. This subject has been very thoroughly considered by our Brother Keller in Zieger v. Phila. Rapid Transit Co., 84 Pa. Superior Ct., 541, and a number of cases reviewed.

We need add nothing to what has been said in that

case except to note that in the last case which has been brought to our attention, that of Harkins v. Phila. Rapid Transit Co., 286 Pa. 466, the per curiam opinion can be applied word for word to the present case. There, the plaintiff arose to pay her fare, handed the conductor a dollar and while waiting for her change, the car stopped with a jerk and she was thrown and injured. The comment of the Court is, "There is nothing in the evidence to show that any other passenger was affected by the alleged jerk of the car; in fact, no effort was made by plaintiff to describe the attending circumstances, to prove improper manipulation of the car, or so to picture or describe, the stop and its effect on others in the car as to enable the jury to form an independent judgment concerning its alleged unusual and extraordinary nature."

The assignments of error are sustained, the judgment is reversed and is now entered in favor of the defendant.