# Harrar, Appellant, *v.* Philadelphia Rapid Transit Co.

*Street railways—Negligence—Evidence—Judgment non obstante veredicto.*

In an action of trespass to recover damages for personal injuries the plaintiff testified that while entering a trolley car she was thrown to the floor by a sudden violent jerk. There was no evidence that the jerk was unusual or extraordinary in character or that other passengers were affected by it.

In the light of such testimony there was no ᵎ proof of negligence on the part of the defendant and a judgment in its favor non obstante veredicto, will be affirmed.

Argued October 12, 1927. Appeal No. 116, October T., 1927, by plaintiff from judgment of M. C. Philadelphia County, December T., 1924, No. 1475, in the case of Grace Florence Harrar v. Philadelphia Rapid Transit Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WALSH, J.

The opinion of the Superior Court states the facts.

Verdict for plaintiff in the sum of $1,154. Subsequently the court entered judgment in favor of defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was in entering judgment non obstante veredicto.

*Rowland C. Evans, Jr.,* of *Evans & Wernick,* for appellant.

*Philip Wallis,* and with him *J. J. K. Caskie,* for appellee.

OPINION BY GAWTHROP, J., December 15, 1927:

This is an action for damages resulting from injuries sustained by plaintiff while she was a passenger

on a trolley car operated by defendant. The allegation was that just after plaintiff had boarded the car and before reaching her seat she was thrown to the floor of the car and injured by the starting of the car "suddenly and without any warning," and "at an excessive rate of speed," due to its negligent operation by defendant's employees. The trial resulted in a verdict for plaintiff, but judgment was entered for defendant non obstante veredicto. This action is assigned as error.

Plaintiff testified: "As I boarded the car two doors were closed and the car started with a violent jerk and that threw me very hard on the floor. I was standing on the front platform and as I fell I struck my knee against the iron step inside of the car......One man was standing in the car and he helped me up and a lady......offered me her seat. I accepted and sat down........It seemed as if every time the car stopped there was a sudden jerk and jolt." Plaintiff called no witness. Viewed in the most favorable light, her testimony would not sustain a finding by the jury that the jerk was unusual and extraordinary in character. It did not show its effect on other passengers, who would have been disturbed by an unusual jerk of the car, and its effect on plaintiff, as described by her, is not intrinsic evidence of an extraordinary jolt or jerk. It is common knowledge that trolley cars often start or stop with a jerk under ordinary circumstances and that it is not unusual for a person standing in a moving car to lose his balance or to fall as the result of a slight jerk, or in the absence of any jerk. All that we have here is a woman standing upon a closed platform of a trolley car when it started with a jerk which caused her to fall and strike her knee against the inside step of the car. This is not enough to establish negligent operation of the car: Harkins v. Phila. Rapid Transit Co., 286 Pa. 465; Holutin v. Phila. Rapid Transit Co., 89 Pa. Superior Ct. 326; Zeiger v.

Phila. Rapid Transit Co., 84 Pa. Superior Ct. 541.   In the Zeiger case our Brother Keller reviewed the cases on this subject at some length in his opinion, in which we held that the use of the words "awful jerk" to describe the occurrence, when not accompanied by testimony inherently establishing its extraordinary character or by evidence of its effect on other passengers, is too vague to sustain a finding of negligence. In the cases relied on by appellant, there was stronger intrinsic evidence of the unusual character of the jerk.

Counsel for appellant endeavor to escape the effect of these decisions by contending that this is not "a sudden jolt case," but "a premature start case." We deem it sufficient to say that we have found no case in either of our appellate courts holding that it is negligence to start a car before the passenger who gets on is seated.   Each case, in which the defendant was held liable because of the premature starting of its car, discloses that the passenger was on the running board of an open car or in some other position of danger at the time the start was made.   The Supreme Court said in Picard v. Ridge Avenue Ry. Co., 147 Pa. 195, that it would seriously inconvenience the travelling public to hold that the car should come to a dead stop until every passenger who gets on is seated. The general rule seems to be that it is not negligence for a conductor to give the starting signal after the passenger is fully and fairly upon the car.   Plaintiff said she was standing on the platform of the car and that the doors which she entered had been closed.   The starting of the car at that time was not evidence of negligence.

The assignment of error is overruled and the judgment is affirmed.