Iszard et ux., Appellants, *v.* Phila. R. T. Co.

Argued October 24, 1930.

Before Trexler,
P. J., Keller, Linn, Gawthrop, Cunningham and
Baldrige, JJ.

*John Francis Williams*, and with him *Raymond Pace
Alexander* and *Maceo W. Hubbard*, for appellant.

*William C. Ferguson, Jr.*, for appellee.

Opinion by Keller, J., January 30, 1931:

The plaintiff, Mrs. Iszard, carrying a traveling bag
in one hand, started to walk from her seat in the front
of defendant's trolley car to the exit door in the middle
of the car, intending to get off at the next street stop.
Almost immediately thereafter she was thrown off
her balance by a sudden stop of the car, fell backwards
and struck the floor near the motorman. There were
other passengers in the car but it was not shown that
any of them were affected by the jerk, except one man
standing at the rail by the middle door who steadied
himself by the rail. There was no testimony showing
improper manipulation of the car, or that the stop was
not necessary to avoid a collision with vehicular traffic;
nothing but the statement of a "sudden stop," an
"unusual stop," and its effect on the plaintiff's equi-
librium.

We went into this subject somewhat fully in Zeiger

v. Phila. R. T. Co., 84 Pa. Superior Ct. 541, and pointed out that it was not difficult or unusual to lose one's balance or equilibrium while walking in a moving street car, and it may be added, especially so when one's hands are encumbered by luggage. A fall following a sudden stop under such circumstances will not be held sufficient to convict the trolley company of negligence unless the negligent character of the stop is evidenced by its disturbing effect on other passengers, or circumstances are shown establishing the improper manipulation of the car. The situation is distinguishable from cases where one *sitting* in the car is thrown violently out of his seat (Tilton v. Phila. R. T. Co., 231 Pa. 63) thus inherently establishing its extraordinary character, or circumstances are portrayed showing the negligent and unnecessary character of the stop.

We think the case falls within the line of decisions which include Fornwalt v. Phila. R. T. Co., 65 Pa. Superior Ct. 559; Harkins v. Phila. R. T. Co., 286 Pa. 465; Uffelman v. Phila. R. T. Co., 253 Pa. 394; Zeiger v. Phila. R. T. Co., supra; Holutin v. Phila. R. T. Co., 89 Pa. Superior Ct. 326; Harrar v. Phila. R. T. Co., 92 Pa. Superior Ct. 242, and justified the entry of the compulsory nonsuit by the court below and its subsequent refusal to take it off.

The assignment of error is overruled and the judgment is affirmed.