McClusky *v.* Shenango Val. Traction Company, Appellant.

Argued April 12, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*C. E. Brockway* of *Brockway & Whitla,* for appellant.

*E. V. Buckley* of *Service, McNeal and Buckley,* for appellee.

Opinion by Gawthrop, J., July 14, 1932:

Plaintiff, thirty-six years of age, alleged that while proceeding to an empty seat after entering one of defendant's cars she was thrown violently to the floor and injured by the reckless starting of the "car with a sudden violent jolt which was unusual and extraordinarily quick, and so sudden and violent that the plaintiff was thrown to the floor of the car." She has a verdict and from the judgment entered thereon de-

fendant appeals. There are two assignments of error, but, in view of the conclusion which we have reached, only that which complains of the refusal of the court below to affirm defendant's point for binding instructions need be considered.

In her account of the event plaintiff testified: "I got on, with my ticket in my hand, and placed the ticket in the box and started for a vacant seat. As I started to reach for something—to reach for the handle of the seat, to my right, the car started with a sudden jerk. It was an unusual jerk ...... Well, that jerk was a jump of the car. The car jumped, and as it—when the car jumped, everybody in the car lurched ...... I am used to the unusual jerk of the car when it starts; but this was extraordinary jerk. When the car jerked it threw me violently on the floor. It knocked my feet from under me and I lit on the floor in a sitting posture ...... I couldn't move, I was just stunned. And some men picked me up and set me in the seat." One of plaintiff's witnesses a passenger on the car, testified: "The car started unusually sudden, and threw her off her feet. And it was wet and slippery—the aisle. It had been soft that day and it was wet and slippery." There were other passengers on the car, but it was not shown that any of them were affected by the jerk to a greater extent than is usual when a car starts.

We are of one mind that the testimony, when viewed in the light most favorable to plaintiff, does not measure up to the standard which has been fixed by the decisions upon the subject of the requisite proof to establish negligence in cases of this character. A fall caused by a sudden stop while one is walking in a moving street car will not be held sufficient to convict the trolley company of negligence, unless the negligent character of the stop is evidenced by its disturbing effect on other passengers, or unless intrinsic evidence of the unusual character of the jolt or jerk appears in

its effect on the person injured. We are of opinion that the words "sudden jerk," "unusual jerk," "a jump of the car," and "it threw me violently on the floor," as used by plaintiff in describing the jerk, and the words of her witness that the car "started unusually sudden," when not accompanied by testimony inherently establishing the extraordinary character of the starting of the car or by evidence of its effect upon other passengers, who would have been disturbed by an unusual or extraordinary jolt of the car, are insufficient to sustain a finding of negligence. Nor is the defect supplied by plaintiff's statement that "everybody in the car lurched." Under all our cases such descriptive language is not sufficient proof of negligence. The character of plaintiff's fall was not so violent and unusual as to permit the jury to predicate on it alone a finding that the jerk was extraordinary and unusual and, therefore, negligent. As we have pointed out before, it is common knowledge that one's balance or equilibrium is more easily lost when walking in a moving car than when seated. In Sanson v. P. R. T. Co., 239 Pa. 505, the jolt was so violent and unusual that plaintiff, while rising out of his seat, was thrown out upon the platform and into the street, thus the effect on the plaintiff itself inherently establishing the extraordinary character of the jolt.

We think the present case falls within the line of decisions relied upon in sustaining the entry of compulsory non-suit in Iszard v. P. R. T. Co., 100 Pa. Superior Ct. 240. Defendant's motion for judgment non obstante veredicto should have been granted.

The first and third assignments of error are sustained, and the judgment is reversed and here entered for defendant.