Opinion by
 

 Kenworthey, J.,
 

 The minor plaintiff brought this action in trespass to recover damages for personal injuries alleged to have been sustained while she was a passenger on the defendant’s trolley car. Her parents joined in the action. Separate verdicts were rendered for plaintiffs, after which defendant filed a motion for judgment n.o.v., which was granted. Plaintiffs have appealed.
 

 The question is whether there was sufficient evidence of negligence to sustain the verdicts.
 

 Plaintiff described the manner in which the accident happened as follows: “A. As I entered the car I walked up intending to sit in the third seat and I had a firm grip with my right hand on the back of the second seat and I turned around in the aisle and without any warning the car started suddenly with a Iviolent and extraordinary jerk and it seemed to lift me from my feet and then it swayed me sideways and threw me off my feet and I hit my knee and the car started and I fell back and went into the seat. Q. As a result of this jerk did any part of your body remain on the car floor? A. When the car jerked forward it seemed to lift me from the floor and then when I hit my knee I fell backwards ......” This evidence, standing alone, was insufficient to make out a case for the jury.
 
 Smith et ux. v. Pittsburgh Railways Co.,
 
 314 Pa. 541, 543, 171 A. 879;
 
 Stal
 
 
 *187
 

 ler v. P. R. T.,
 
 339 Pa. 100, 14 A. (2d) 289;
 
 Hill v. West Penn Rys. Co.,
 
 340 Pa. 297, 16 A. (2d) 527.
 

 Plaintiffs called1 as a witness a passenger in the trolley car whose description of the accident was as follows :
 

 “A. Well, I was reading the paper and there was a sudden jerk — a terrible jerk — it seemed like the windows were shattered and I went over and then came back and hit my shoulder blade but it seemed to pain me a couple of days. I thought we had hit something. Q. What happened to you as a result of this? A. I was reading the paper and I was off balanced and I went up over the seat and came back again. Q. In other words, it lifted you up? A. That is right. Mr. McConnell: Lifted him up where? Mr. Nassar: Q. Lifted you off your feet? A. Yes, sir, that is right, against the seat in front of me and I went back again before I could catch my balance. Q. Did you notice anybody else in the car? A. That I knew? Q. That fell? A. Well, all the passengers, they sort of crumpled — sort of, that is all the unusual thing I seen.” A physician testified that the minor plaintiff had a displaced knee cap, which must have been caused by “a lot of force.”
 

 This testimony, if it were not for reasons which we shall presently indicate, would probably be sufficient to take the case to the jury. See
 
 Tilton v. Phila. Rapid Transit Co.,
 
 231 Pa. 63, 79 A. 877. But in our opinion, this evidence must be disregarded. The theory on which plaintiffs’ case must stand or fall is that, while the minor plaintiff was standing with her right hand gripping the back of the seat in front of which she intended to sit, the rapid
 
 fomoard
 
 motion of the car produced a eraek-the-whip effect, thereby arcing her body toward the rear of the car and into the seat on which she intended to sit. The witness said he was sitting in a cross seat facing the front of the car and it would have been
 
 *188
 
 physically impossible for the same motion of the car which threw plaintiff’s body toward the rear to have thrown his body toward the front. He must have been under the impression he was being called as a witness in a “sudden stop” case. “ ‘Courts are not required to believe that which is contrary to human experience and the laws of nature, or which they judicially know to be incredible.’ ”
 
 Lessig v. Reading Transit & Light
 
 Co., 270 Pa. 299, 304, 113 A. 381. We have held that a statement that “everybody in the car lurched,” is not evidence of negligence.
 
 McClusky v. Shenango Val. Traction Co.,
 
 105 Pa. Superior Ct. 275, 161 A. 424.
 

 The physician’s statement about the amount of force necessary to cause a displaced knee cap, in our opinion, is of no help in determining the suddenness or speed of the start of the car. There are so many other factors involved that it is of no probative value whatever.
 

 Judgment affirmed.