Tucker et vir. *v.* Pittsburgh Railways Company, Appellant.

Argued April 26, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Daniel H. McConnell* with him *J. R. McNary,* for appellant.

*Coleman Harrison,* for appellees.

OPINION BY STADTFELD, J., July 16, 1943:

This case involves an action of trespass brought by Margaret Tucker and her husband for injuries sustained by the wife while a passenger on one of defendant's street cars. The defendant has appealed from a refusal by the lower court of its motion for judgment non obstante veredicto. On April 25, 1938, at about 5:15 P. M., the plaintiff and two of her co-employees, the witnesses Miss Alma Fabeny and Miss Edith Griffith, boarded one of defendant's outbound street cars in North Side, Pittsburgh. The car was crowded and the three were forced to stand in the aisle, about two-thirds of the way back from the front of the car, supporting themselves as best they could by holding on to the cross seats. The car proceeded out the Brighton Road. About 100 feet from where the Brighton Road was intersected by California Avenue, the inbound and the outbound tracks merged to become one track. At the intersection, the single track formed a sharp left turn onto California Avenue. There was testimony by the plaintiff and one of her witnesses that the usual practice was for street cars to proceed at the rate of five miles per hour over the switch and onto the single track up to the curve so that the latter could be safely negotiated and that collisions with other vehicles approaching the intersection from other directions could be prevented. On this occasion, however, the operator drove over the switch at 25 miles per hour, causing the plaintiff to lose her equilibrium, and before she could recover it, the car, reaching the curve, came to "a sudden stop with a terrible jerk." The plaintiff was spun around by the quick application of the brakes by the operator. She lost her hold and her momentum threw her against an upright bar, whereby she sustained injuries to her back and shoulder. Miss Griffith, testifying by deposition, stated that, "The people in the street car were pitched forward or sideways or thrown around. Margaret would have landed on the floor ex-

cept for the crowd of people that stopped her. But her shoulder struck against the iron bar or handle of one of the side seats. I swung around on the pole and cracked the heel of one of my shoes." Miss Griffith landed in some one's lap. Miss Fabeny was saved from possible injury only because the people she fell against in a side seat had been thrown forward also, and their hands, out-stretched instinctively for self-protection, cushioned her fall. She testified also as to the rate of speed the car was going over the switch, and its severe, sudden, jolting motion as it reached the curve, throwing everybody in the street car, including herself. The defendant produced only one witness, one of its dispatchers, who testified that he made inquiries of all operators of outbound cars on this particular run who could possibly have operated the car in question but that none remembered any sudden stop or jerking at that intersection at that time.

In *Smith* v. *Pittsburgh Railways Co.*, 314 Pa. 541, 171 A. 879, it is stated that: "Where a passenger is alleged to have been injured while standing or walking in a trolley car, statements that the car 'started violently' (Uffelman v. P. R. T. Co., 253 Pa. 394), 'started with a violent jerk' (Harrar v. P. R. T. Co., 92 Pa. Superior Ct. 242), 'started with a sudden, unusual, extraordinary jerk' (McClusky v. Shenango Val. Traction Co., 105 Pa. Superior Ct. 275), 'stopped with a jerk' (Harkins v. P. R. T. Co., 286 Pa. 465), 'came to a hard stop' (Holutin v. P. R. T. Co., 89 Pa. Superior Ct. 326), or 'started up all of a sudden, with an awful jerk, and stopped all of a sudden' (Zieger v. P. R. T. Co., 84 Pa. Superior Ct. 541) are not of themselves sufficient to show negligent operation. They must be accompanied by evidence inherently establishing that the occurrence was of unusual or extraordinary character, or by evidence of its effect on other passengers sufficient to show this: Harkins v. P. R. T. Co., supra;

Zieger v. P. R. T. Co., supra; McClusky v. Shenango Val. Traction Co., supra."

We believe that the plaintiff has met the burden incumbent upon her of proving that the operation of the car was so unusual as to warrant the inference of negligence. Her case, however, does not rest merely on the sudden stop of the car, its effect upon herself, her witnesses, and the other passengers, with the inference of negligence to be drawn therefrom. The plaintiff produced evidence that was direct and express, and not merely circumstantial, that the rate of speed of the car was excessive under the circumstances. Whether a rate of 25 miles per hour over the switch and up to the curve was inconsistent with the exercise of due care under the circumstances on the part of the operator was typically a jury question. The operator knew that the curve could be traversed safely only at a low rate of speed. Had he used due care in his approach to the curve, the sudden stop would have been unnecessary. The jury could, and did, find that his reckless action, combined with the sudden stop, caused plaintiff's harm. We find no error in the submission of this case to the jury.

The assignment of error is overruled and judgment affirmed.

KELLER, P. J., BALDRIGE and HIRT, JJ., dissent.