## H. S. RANDALL. v. FRANKFORD ETC. R. CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 3 OF PHILADELPHIA COUNTY.

Argued January 16, 1891—Affirmed at Bar.

(*a*) The plaintiff, over fourteen years of age, stood upon the platform of a street car, crowded within, having his foot upon the step and leaning upon the dasher. As the car approached a transfer station, passengers in the car rushed out and pushed the plaintiff, so that he fell and was thrown beneath the wheels and injured:

1. The court instructing that the defendant company was not liable for the conduct of the passengers, unless it was unusual and disorderly and could have been prevented by the persons in charge, and submitting that question and the question of contributory negligence to the jury, the judgment for the defendant was affirmed.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-LIAMS, McCOLLUM and MITCHELL, JJ.

No. 82 July Term 1890, Sup. Ct.; court below, No. 132 December Term 1888, C. P. No. 3. •

On November 16, 1888, Harry S. Randall, by his next friend, Frank S. Randall, brought trespass against the Frankford, Southwark & Philadelphia City Passenger-Railroad Company, to recover damages for personal injuries sustained. Issue.

At the trial on January 16, 1890, it was made to appear that on September 29, 1889, the evening of a political parade, the plaintiff, fourteen years and five months of age, got upon a street car of defendant company, drawn by a dummy engine. The car had just left Frankford station, on its trip to Cumberland street station, where the passengers change to go farther down town. The plaintiff found the rear platform crowded, passed through the car, also full of passengers, and got upon the front platform, taking a position with one foot upon the step of the car and leaning back against the dasher, opposite a companion in the same position with respect to the platform but leaning against the front of the car. The brakeman and conductor testified that they directed the boys to go into the car, but they refused; the boys, however, denied that they had been so di-

Charge of Court below.

rected.   When the car neared the Cumberland street station,
the brakeman got off to turn the switch, and, before the car
stopped, the closed door to the front platform opened and the
passengers, eager to catch the first car down town, rushed out
upon the platform and down therefrom, pushing the plaintiff
in such a way that he was thrown under the wheels and his
leg crushed.

At the close of the testimony, the court, FINLETTER, J.,
charged the jury in part as follows:

[The company is not liable for the conduct of the passengers
upon this occasion, unless it was unusual and disorderly, and
could have been prevented by the persons who had charge of the
car at that time.   You will understand that the passengers had
a right, at any time and in any manner that was orderly, to leave
the car; and, of course, that being the case, the company are not
responsible for an accident of this kind, unless the action of the
passengers was of such a disorderly character that they ought
to have prevented it, or had the means of preventing it at that
time.] [1]

In the first place, you should inquire whether it was the
usual and ordinary manner in which passengers made an exit
from the car, when they reached that particular point.   In this
matter you must consider the evidence, and from that you will
say whether it was the ordinary, usual, peaceable manner in
which passengers left the car, and in which they had a right
to leave the car.

[This is the only question of negligence for which the de-
fendants are answerable upon this occasion, if it be negligence
at all; because there is no evidence in this case that the acci-
dent could have been prevented, or would not have occurred, if
there had been a railing such as has been spoken of; nor, is
there any evidence that the accident arose because the company
did not have a switch tender present, performing his duties
upon that occasion.] [2]

[If you are satisfied, from the evidence in the case, that this
accident wholly resulted, not from the careless or negligent
manner in which the boy stood upon the platform, but from
the unusual and disorderly manner in which the passengers
left; and, if you should also find from the evidence that they

Arguments.

could have prevented it, or that it was their duty to prevent it—if upon this question you are with the plaintiff—then the question arises, was the boy himself negligent?][3]

[In the first place, he was occupying an unusual position in the car;][4] and if you find that that was a dangerous place, then that is evidence of negligence on his part. If you should be of the opinion that, under all the evidence, it was not necessarily a dangerous place upon this occasion, or that he was compelled to stay there because he could find no other place in the car, then the question arises, so far as he is concerned, did he use proper and ordinary care whilst he was upon the platform? If he sat upon the railing, if he did not use proper care to protect himself from being pushed off or falling off, then he was negligent and cannot recover, even though the defendants themselves may have been negligent. . . . .

I have been requested to charge you, by the defendant, as follows:

1. That, if the jury believe, from the evidence, that the boy Harry Randall was instructed by the conductor to stand upon the platform, or to go inside of the car, and that he refused or neglected to do so, then your verdict must be for the defendant.

Answer: I affirm that to be the law of this case.[6]

—The jury returned a verdict in favor of the defendant company. A rule for a new trial having been discharged and judgment entered, the plaintiff took this appeal, assigning for error:

1–4. The portions of the charge embraced in [ ] [1 to 4]

6. The answer to the defendant's point.[6]

*Mr. Hood Gilpin* (with him *Mr. R. W. Jones*), for the appellant.

Counsel cited: Wharton on Neg., 2d ed., 628; Thompson on Carriers, 29, 241; Penna. R. Co. v. Aspell, 23 Pa. 147; Stager v. Railway Co., 119 Pa. 70; Neslie v. Railway Co., 113 Pa. 300; West Phila. Ry. Co. v. Gallagher, 108 Pa. 524; Germantown Ry. Co. v. Walling, 97 Pa. 55.

*Mr. Wm. Henry Lex*, for the appellee, was not heard.

The brief filed cited: Germantown Ry. Co. v. Walling, 97 Pa. 61; Pittsb. etc. Ry. Co. v. Hinds, 53 Pa. 512.

Statement of Facts.

Per Curiam:

—On the argument at Bar,

Judgment affirmed.

---

## L. E. ALBERT ET AL. v. BOARD OF REVISION.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS NO. 2 OF PHILADELPHIA COUNTY.

Argued January 16, 1891—Quashed at Bar.

It seems: An appeal and certiorari to the Supreme Court will not lie from an order of the Court of Common Pleas dismissing an appeal, taken under the act of April 19, 1889, P. L. 37, from the refusal of the board of revision of taxes to exempt real estate from taxation under the provisions of the act of May 14, 1874, P. L. 158.*

Before Paxson, C. J., Sterrett, Green, Clark, Williams, McCollum and Mitchell, JJ.

No. 98 July Term 1890, Sup. Ct.; court below, No. 85 December Term 1882, C. P. No. 2.

On November 23, 1889, Rev. Dr. L. E. Albert and others, trustees, filed their petition averring in substance:

That they were the owners, in trust for All Saints' Lutheran Church, an unincorporated society, of all that certain lot or piece of ground, with the church building thereon, on the northwest corner of Sixteenth street and Saint Luke's Block, in the Thirty-third ward; that said premises stood assessed in the name of Frank Barber upon the books of the board of revision of taxes for 1889; that one half of said premises was used exclusively as a regular place of stated religious worship, and the other half was used partly for religious purposes and partly by the board of public education for public school purposes, for which said board paid a rental to said trustees of $625 per annum; that the latter half of the premises was nec-

---

* In this case, as well as in that following, the paper-books did not show that any exception whatever was sealed in the court below, raising any question for the Supreme Court to decide.