## Christ. Reber v. The Pittsburg & Birmingham Traction Company, Appellant.

*Negligence—Electric railway—Crowded car—Riding on platform—Measure of care.*

The use of electricity as a motive power by passenger railway companies has created new conditions from which new duties arise. The greater speed at which cars are moved increases the danger to passengers and to persons on the streets, and of these dangers all persons must take notice. When there is an invitation or permission to passengers to ride on the rear platform it is the duty of the company to observe a higher degree of care in the running of the cars at points where there is danger that they may be thrown off, and there should be a corresponding increase of care and vigilance upon the part of a passenger who voluntarily assumes such a position of danger.

In an action by a passenger against a street railway company to recover damages for personal injuries, it appeared that the plaintiff got on a crowded car of the defendant late at night. There was no room inside the car, and he stood with a number of other passengers on the rear platform. At first he stood between the controller and the brake, facing forward, with his back against the railing of the platform, a comparatively safe position. He was subsequently requested by the conductor to change his position, and he attempted to enter the car, but was unable to do so. He then took a position which the conductor told him to take at the outer edge of the platform near the step, where he stood with his back to the car, holding with his right hand to the iron railing behind him. While standing in this position the electric current was turned off, causing the lights to be extinguished, and the car was allowed to run at a rate of fif﹣teen or twenty miles an hour down a grade in which there was a sharp curve. When the car struck the curve plaintiff's hold of the railing was broken, and he was thrown off. Plaintiff was familiar with the locality, and knew of the curve. It appeared that it was the custom of the company to carry passengers on the platform of its cars. *Held*, that the question of the plaintiff's contributory negligence, and the defendant's negligence was for the jury.

Argued Oct. 28, 1896. Appeal, No. 47, Oct. T., 1896, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1893, No. 702, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before EWING, P. J.
The facts appear by the opinion of the Supreme Court.

Defendant's points and answers thereto among others were as follows:

2. If the jury find that plaintiff's negligence contributed in any degree, however slight, to his injury, there can be no recovery. *Answer:* The second point is affirmed, subject to the explanation contained in the general charge as to negligence and the proofs thereof. [1]

4. If the jury find from the evidence that plaintiff knew that the car was going at a rapid rate of speed, and that he was acquainted with the descending grade of the street and the location of the curve where the accident occurred, and if they further find that the position which plaintiff occupied on the edge of the platform was, under the circumstances, a dangerous position, then that was negligence on his part, and he cannot recover. *Answer:* The fourth point is refused. If you find in addition to the facts given in the point that the plaintiff at or before the time, and under the circumstances, could reasonably have taken a position evidently safer, either inside the car or on the platform, and did not do so, he was guilty of negligence, and cannot recover. [2]

7. It was the plaintiff's duty to go into the proper, usual and safe place inside the car, if it was possible to do so, and if the jury find from the evidence that there was room for the plaintiff inside the car, and that plaintiff's position on the platform was a dangerous position, and that plaintiff's injury would not have happened if he had been within the car, then plaintiff was guilty of contributory negligence in remaining on the platform, and cannot recover. *Answer:* The seventh point is refused as put. The word "possible" is too strong a term. The words "reasonably practicable," would better measure plaintiff's duty. [3]

9. Under all the evidence, the verdict must be for the defendant. *Answer:* The ninth point is refused. [4]

Verdict and judgment for plaintiff for $8,000. Defendant appealed.

*Errors assigned* among others were (1–4) above instructions, quoting them.

*A. W. Duff,* with him *W. F. Wise,* for appellant.—The trans-

formation from horse cars to electric and cable cars has introduced new conditions the nonobservance of which constitute negligence: Winter v. Pleasant Valley Street Ry., 153 Pa. 28.

The facts in relation to plaintiff's position and his knowledge of the surrounding circumstances, as testified to by him, a rapidly moving car, with the lights out, going down grade, approaching a curve, were undisputed, and it was therefore the duty of the court to pass upon the question of plaintiff's contributory negligence, and not submit the question to the jury: Richards v. Willard, 38 W. N. C. 407; Aiken v. Ry., 142 Pa. 47; Brown v. Barnes, 151 Pa. 564; Carroll v. P. R. R., 12 W. N. C. 348; P. R. R. v. Bell, 122 Pa. 65; Seamans v. R. R., 174 Pa. 421. One who does not avoid a known danger when he might have done so is guilty of contributory negligence: Ry. Co. v. Taylor, 104 Pa. 306; Randall v. Frankfort Ry. Co., 139 Pa. 464; Germantown Pass. Ry. v. Walling, 97 Pa. 55; Erskine v. McNichol, 13 W. N. C. 224. A mere scintilla does not justify the submission of the case to the jury: Easton v. Reinhart, 13 W. N. C. 389.

Where reasonable appliances are placed by which a standing passenger in a crowded car may hold, he is bounded to use them: West Phila. Ry. Co. v. Whipple, 5 W. N. C. 70.

*W. J. Brennan*, for appellee.—It is not negligence either on the part of the passenger or on the part of a street railway company that an adult, or a person reasonably competent to take care of himself, should occupy by permission a platform of a crowded passenger car: Sandford v. Ry. Co., 136 Pa. 84; Dennis v. R. R., 165 Pa. 624; West Phila. Pass. Ry. v. Gallagher, 108 Pa. 524; Germantown Pass. Ry. v. Walling, 97 Pa. 55; 13th & 15th Street Pass. Ry. v. Boudrou, 92 Pa. 475; Werle v. Long Island Ry., 98 N. Y. 650; Meesel v. Lynn & Boston R. R., 8 Allen, 234; Merwin v. Manhattan Ry., 55 N. Y. 608; Baker v. Westmoreland & Cambria Gas Coal Co., 157 Pa. 593; Fisher v. Ry. Co., 131 Pa. 292.

What constitutes negligence in a given case is generally a question for the jury: R. R. v. Jones, 128 Pa. 308; Turnpike Co. v. Railroad Co., 54 Pa. 345; Railroad Co. v. Stinger, 78 Pa. 219; Penna. R. Co. v. Coon, 111 Pa. 430; Schum v. Penna. R. Co., 107 Pa. 8; Taylor v. Canal Co., 113 Pa. 162; Lee v.

Woolsey, 109 Pa. 124; Longenecker v. Penna. R. Co., 105 Pa. 329; Neslie v. Passenger Ry. Co., 113 Pa. 300; Winter v. St. Ry., 153 Pa. 28.

The case cited by appellant, Aiken v. Frankfort Ry. Co., 142 Pa. 47, is a very different case from the one at bar, in this, that the plaintiff, Aiken, was familiar with the position of the post and its surroundings, and had been repeatedly warned about getting on at the place that he did, also that after the plaintiff got upon the step there was no difficulty in passing into the car; others had done so.

OPINION BY MR. JUSTICE FELL, January 4, 1897:

The only question to be considered is whether the case should have been withdrawn from the jury. In considering this we must assume that the plaintiff has established these facts : Late at night he got on a crowded car of the defendant company to go to his home. There was no room inside, and he stood with a number of other passengers on the rear platform. His position on the platform was a comparatively safe one, as he stood between the controller and the brake, facing forward, with his back against the railing of the platform. After riding some distance he was requested by the conductor, who desired to use the trolley rope, to change his position. He then attempted to enter the car, but because of its crowded condition was unable to do so, and he took a position which the conductor told him to take at the outer edge of the platform near the step, and stood with his back to the car holding with his right hand to the iron railing behind him. While he was in this position the electric current was turned off, causing the lights to be extinguished, and the car was allowed to run at the rate of fifteen or twenty miles an hour down a grade in which there was a sharp curve. When the car struck the curve the plaintiff's hold of the railing was broken, and he was thrown off. It was the habitual custom of the company to carry passengers on the platform of its cars, and the plaintiff was there with the consent of the conductor, and was unable to get elsewhere on the car. The plaintiff was familiar with the locality, and knew of the curve, and was aware of the danger of his position.

The use of electricity as a motive power by passenger railway companies has created new conditions from which new duties

arise.   The greater speed at which cars are moved increases the danger to passengers and to persons on the streets, and of these dangers all persons must take notice.   When there is an invitation or permission to passengers to ride on the rear platforms it is the duty of the company to observe a higher degree of care in the running of the cars at points where there is danger that they may be thrown off, and there should be a corresponding increase of care and vigilance upon the part of a passenger who voluntarily assumes such a position of danger.   In this case it was clearly for the jury to say whether there was negligence in running a car with the platform crowded with passengers at a high rate of speed around a sharp curve ; and as it was not, under the circumstances disclosed by the testimony, negligence per se for the plaintiff to stand on the platform, the question of the exercise of due care by him in a position which he knew to be dangerous was also for the jury.   These questions were submitted in a charge that was full and clear and eminently fair and just to both parties.   The learned judge pointed out to the jury the duty of the company to take into consideration the greater risk to passengers who by its invitation occupied the platform of the car, and told them in substance that it was the duty of the plaintiff to go inside the car if he could reasonably do so, and that if he chose to stand on the platform he was held to a high degree of care to avoid the known dangers of his position, and that he took all the risks of the position which were reasonably to be apprehended.

The judgment is affirmed.