# Paterson, Appellant, v. Philadelphia Rapid Transit Company.

*Negligence—Street railways—Standing on platform—Presumption—Evidence.*

When one chooses to ride upon the platform of a car rather than wait for a car in which he can be accommodated, if not with a seat, with standing room at least inside, and is injured in consequence, the law does not concern itself to inquire as to the consideration which influenced his choice. Thus where a man standing in a crowded car gives his place to a woman, and takes his stand on the front platform of the car, and is injured while there, he forfeits the advantage of the presumption, which the law raises in favor of one injured while riding in the car, that the accident resulted from the negligence of the company.

Argued April 3, 1907. Appeal, No. 118, Jan. T., 1907, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1906, No. 2,518, on verdict for defendant in case of Dugald S. Paterson v. Philadelphia Rapid Transit Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial AUDENREID, J., in giving binding instructions for defendant, described the accident as follows:

The plaintiff was a passenger in one of the defendant's cars. He was riding inside of it. It is true that he had no seat, but he was standing inside of the body of the car in a position of safety. When the car reached a certain crossing two ladies, and, as I recall the testimony, a gentleman, signi-

fied their intention to board it. The body of the car was already filled with passengers. The plaintiff knew that there was no more room inside of it. Nevertheless, he alighted from the car to make way for the ladies. As might have been expected, one of them took the place he had vacated. There was no other place for her to take inside the car. When the plaintiff stepped on the car again he was obliged to take a position on the platform or step. Here he was standing when the car passed a wagon which struck and injured him. He would not have been hurt if he had remained inside the car.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Louis Brégy*, with him *H. Homer Dalby*, for appellant, cited: Thane v. Traction Co., 191 Pa. 249 ; Bumbear v. Traction Co., 198 Pa. 198 ; McCaw v. Traction Co., 205 Pa. 271.

*Thomas Leaming*, with him *Charles Biddle*, for appellee, cited : Crary v. Lehigh Valley R. R. Co., 203 Pa. 525 ; Woodroffe v. Roxborough, etc., Ry. Co., 201 Pa. 521 ; Thane v. Scranton Traction Co., 191 Pa. 249 ; McDade v. Phila. Rapid Transit Co., 215 Pa. 105.

OPINION BY MR. JUSTICE STEWART, May 20, 1907 :

When one chooses to ride upon the platform of a car rather than wait for a car in which he can be accommodated, if not with a seat, with standing room at least inside, and is injured in consequence, the law does not concern itself to inquire as to the considerations which influenced his choice. Whether serious or trivial, the result is the same. The platform is a known place of danger, and one voluntarily there assumes the risk. For the exigency which determines him to take the risk rather than delay for another car, the company is not responsible. In this case the plaintiff, with a courtesy altogether commendable, surrendered his place within the car to a lady who, but for his action, would have been excluded. Having once yielded his place in the car, he was put to his choice whether to ride on the platform or take a later car, just as the

person he accommodated would have been obliged to do had he not surrendered his advantage to her. The legal consequence of his choice was that he forfeited the advantage of the presumption, which the law raises in favor of one injured while riding in the car, that the accident resulted from the negligence of the company. His riding on the platform would not excuse negligence on the part of the company in exposing him to known and avoidable danger ; but it put upon him the burden of showing that his injuries resulted from negligence of this degree. There was nothing in the evidence to support any such contention. From all that appears, it was an accident which even more than the care required under the circumstances to exculpate the defendant would not have avoided.

Judgment affirmed.