# Murphy *v.* Altoona & Logan Valley Electric Rwy. Co., Appellant.

*Negligence—Street railways—Passenger standing on rear platform—Speed on curve—Brake crank—Question for jury.*

In an action of trespass, to recover damages for personal injury, the plaintiff testified that she was a passenger on a street car of the defendant company.  The car was so crowded when she got on that she could not get inside and was compelled to stand upon the rear platform, next to the brake crank and motor box.  The vestibule of the car was very crowded.  As the car proceeded it struck a curve with unabated speed, and the lurch of the car was so violent that other passengers riding on the platform were pushed against the plaintiff, so that she came in violent contact with the brake crank and was injured thereby.  Upon such facts the case was properly one for a jury to decide upon the question of negligence.  The fact that the lurch produced the effect it did, and that the car ran around the curve without any moderation of speed was sufficient to send the case to the jury.

The witness could not give the rate of speed which the car was making, but it is not an absolute rule that a witness must be an expert upon speed before his evidence as to speed has any probative value.

Renney v. Street Railway Co., 50 Pa. Superior Court, 579, followed; Paterson v. Philadelphia Rapid Transit Co., 218 Pa. 359, distinguished.

Submitted March 16, 1923.  Appeals, Nos. 1 and 2, Oct. T., 1923, by defendant, from judgment of C. P. Blair Co., June T., 1922, No. 192, on verdict for plaintiffs in

504, (1923).] Statement of Facts—Opinion of the Court.
the case of George W. Murphy and Nellie Murphy v. Altoona & Logan Valley Electric Railway Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, P. J., 47th judicial district, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdicts for plaintiff George W. Murphy in the sum of $1,465 and for Nellie Murphy in the sum of $1,000 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of the court to enter judgment for defendant non obstante veredicto.

*Thomas H. Greevy,* for appellant.

*R. A. Henderson,* for appellee.

OPINION BY TREXLER, J., July 12, 1923:

This is an action in trespass brought by Nellie Murphy in her own right and George W. Murphy, as her husband. She was a passenger on a street car having boarded the car about 4 o'clock in the afternoon of December 23, 1918. She claims that the car was so crowded that she could not get into the car and was compelled to stand upon the rear platform, next to the brake crank and motor box. There were four or five other persons on the platform when she entered the car and this number was increased from time to time as the car stopped and took on more passengers. The vestibule of the car was crowded to such an extent that the clothing of the last person entering before the accident, was caught in the door. As the car proceeded it struck with unabated speed a curve and the lurch of the car was so violent that the other passengers riding on the platform were pushed.

·against the plaintiff so that she came in violent contact with the brake crank and was injured. The jury found in favor of the plaintiffs, and the court allowed the verdict to stand.

The first and third assignments of error are directed to the refusal of the defendant's first and third points. The first was "It is incumbent on the part of the plaintiff to show by the weight of the evidence that she exercised an increase of care and vigilance, in other words that she exercised more than ordinary care, owing to her standing on the platform. In the absence of such evidence, the plaintiff cannot recover." This was answered by "The burden is upon defendant to show contributory negligence, and point is denied." The third, "An individual standing in an electric car when in motion must take more than ordinary precaution against being jolted by the movement of the car or by the passengers standing next to him, and there being no evidence of any such precaution in this case there can be no recovery." This was denied. We do not think that the court could fix a standard of care that a passenger who considering the surrounding circumstances was rightfully upon a platform, should exercise. Where a passenger stands upon the step of the car and there is a hand railing, it would be reasonable to say that such a passenger should grasp the rail. Obviously there is some difference between one riding in a closed vestibule, and one on an open platform. In this case the court could not declare that there was anything for the defendant to do upon the platform in a crowd of men except to stand and observe ordinary care. The only increased hazard that came to the plaintiff in the closed vestibule was the difference between her being in a standing position instead of a sitting position and the former was of necessity the only attitude she could assume. The affirmance of these two points would have required the court to have told the jury that as she did not show that she exercised more than ordinary care against being jolted by the movement of the car or by

passengers standing next to her, there could be no recovery. In effect these points were requests for binding instructions and were properly refused.

The second assignment is directed to the refusal of the second point. It was: "The plaintiff could not recover because the evidence in the case did not show that the speed was excessive or that more electric power was employed than was necessary. In Panek v. Scranton Railway Company, 258 Pa. 589, where damages were sought from injuries resulting from being thrown from the platform of a trolley car, a case very similar to this, the matters involved were submitted to a jury. The Supreme Court said, "If with eight or ten passengers standing on the rear platform the car went around the curve with such high speed as to cause a lurch sufficient to bump the passengers so standing against each other and thereby cause plaintiff to fall through the open door, that would be evidence of defendant's negligence." We quote from McCaw v. Union Traction Company, 205 Pa. 276, "It has not yet been declared negligence for a street railway company to permit its cars to be overcrowded, but when such a condition prevails, additional care and precaution must be exercised by the conductor and motorman to protect the passengers against resultant danger: Reber v. Pittsburgh, etc., Traction Co., 179 Pa. 339. A street railway company cannot invite or permit passengers to board its cars beyond their normal capacity and not be responsible for danger which necessarily results from their overcrowded condition. If a passenger is permitted to enter a car having no vacant place except on the platforms and the conductor accepts his fare, he is justified in standing on the platform if he exercises proper care in doing so; and by receiving him the carrier undertakes and gives him assurances that it will take care of him and guard him against accident as far as the circumstances permit: Thane v. Scranton Traction Co., 191 Pa. 249," and further on page 277, "It is earnestly contended by the defendant that there was no

evidence of negligence on the part of its employees in the conduct of the car at the time of the accident. But this was clearly for the jury. We think there can be no doubt, under the evidence, that at that time the number of passengers in the car was far in excess of its normal capacity. This imposed upon the company's employees a very high degree of care in crossing the railroad tracks and in descending the grade immediately thereafter. These were places of danger to persons on the over-crowded platform of the car, and the employees should have recognized the fact and run the car accordingly." The fact that the lurch produced the effect it did and that the car ran around the curve without any moderation of speed was sufficient to send the matter to the jury. It is true that the witness could not give the rate of speed which the car was making, but we do not think it is an absolute rule that a witness must be an expert upon speed before his evidence as to speed has any probative value. In Bliss v. Philadelphia Rapid Transit Company, 73 Pa. Superior Ct. 175, the witness described the jerk that produced the injury as sudden, violent and unusual, one which threw her back in the seat. In Tilton v. Philadelphia Rapid Transit Co., 231 Pa. 63, the movement of the car was described as a sudden and violent stop. In Sanson v. Philadelphia Rapid Transit Company, 239 Pa. 505, the witness testified that the speed of the car was suddenly increased with an unusual jump or jerk, which threw him from the open doorway. In Kleine v. Pittsburgh Railways Co., 252 Pa. 214, the description given by the witness was an unusual severe jerk, an awful jerk, a sudden jerk. It was held that these words were accurate enough to describe the situation and that the jury is entitled to judge of the severity of the jolt or jerk by the effect which followed and thus give to the general descriptive language its proper interpretation and effect. The added element in this case was that the car was going fast and went around the curve without any slacking of speed. If this were so, certainly the jury could

conclude that in view of the fact that a number of the passengers were compelled to remain in a standing position, the motorman was negligent in not using greater care for passengers not having the security coming from a sitting posture would necessarily be more liable to be injured under such circumstances than if the car had the ordinary complement of passengers.

The appellant raises the point that the plaintiff when she found that the car which she intended boarding was filled should have waited for the next car. The counsel for defendant relies on the case of Paterson v. Philadelphia Rapid Transit Co., 218 Pa. 359, in support of this contention. It is true it is said in that case that when one chooses to ride upon the platform of a car rather than wait for a car in which he can be accommodated, if not with a seat, with standing room at least inside, and is injured in consequence, the law does not concern itself to inquire as to the considerations which influenced his choice, and he voluntarily assumes the risk, but as pointed out in Renney v. Street Railway Co., 50 Pa. Superior Ct. 579, this vigorous and comprehensive language must be applied in the light of the facts of that case and were not intended to modify or reverse the principles which had been recognized as effective and controlling in former cases. It is unnecessary to repeat what was so well said by our president judge in that case, q. v.

The assignments of error are all overruled and the judgment is affirmed.