Miller, Appellant, *v.* P. H. B. & N. C. Rys. Co.

Argued April 28, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*John Dugan, Jr.,* and with him *Levy, Crone and Berger,* for appellant.

*William A. Challener,* and with him *William A. Challener, Jr.,* for appellee.

Opinion by Baldrige, J., July 8, 1931:

We approve of the action of the learned court below in entering judgment for defendant n. o. v., as the record discloses no negligence upon the part of the defendant.

On the 4th of August, 1928, the plaintiff boarded defendant's interurban street car in the City of Pittsburgh. Owing to the crowded condition inside of the car, he stood on the back platform and remained there until the car reached Ingomar. He stepped off at that point to permit additional passengers to get aboard and as he was unable to regain his former position, he stood on the first step below the surface of the platform. After the car had proceeded on its way, he attempted to recover a coin he had dropped, and in doing so, he stooped over, thus extending beyond the side of the car a portion of his body which came in contact with a milk platform located 1.05 feet from the side of the car.

There was no presumption of negligence on the part of the defendant as the accident was not due to the means of transportation. Furthermore, when the plaintiff voluntarily left the platform where he would have been safe and placed himself on the step, he brought himself within the ruling that "where a man standing in a crowded car gives his place to a woman, and takes his stand on the front platform of the car, and is injured while there, he forfeits the advantage of the presumption, which the law raises in favor of one injured while riding in the car, that the accident resulted from the negligence of the company": Paterson v. P. R. T., 218 Pa. 359. It was, in the circumstances, upon the plaintiff to prove, therefore, a lack of due diligence by the defendant.

The appellant argues that the defendant was negli-

gent in permitting him to ride on the step which ultimately proved to be dangerous owing to the speed or swaying of the car. A street railway company cannot permit passengers to ride on its cars, crowded beyond their normal capacity, and not be responsible for dangers necessarily resulting therefrom. It was declared in Bumbear v. United Tract. Co., 198 Pa. 198, 200, "When the passenger by invitation of the conductor or with his knowledge and assent, and from necessity, because of the want of sitting or standing room inside the car, rides on the side step, he is entitled to the same degree of diligence to protect him from dangers which are known and may readily be guarded against as are other passengers." See also Thane v. Scranton Tract. Co., 191 Pa. 249; Renney v. Street Rwy. Co., 50 Pa. Superior Ct. 579; Pildish v. Pgh. Rwy. Co., 61 Pa. Superior Ct. 195. But if a passenger chooses to ride on the step rather than to wait for a car which could have accommodated him inside, knowledge or assent thereto by the railway company is not negligence per se.

This accident was not attributable to a want of any due diligence of the defendant company, nor was its proximate cause the plaintiff's presence on the step. There was no evidence of excessive speed for an interurban car, and, although the plaintiff testified that the car swayed, there was nothing in the record to justify the conclusion that the swaying was unusual. No other passengers in the car, apparently, were affected in the least thereby and no attempt was made to describe the extent of the swaying to establish its extraordinary character: Zieger v. P. R. T., 84 Pa. Superior Ct. 541; Harrar v. P. R. T., 92 Pa. Superior Ct. 242. If the plaintiff had remained on the platform instead of voluntarily relinquishing his place to allow other passengers to board the car, or if after taking his place on the step he had not for his own

purposes stooped over, he would not have come in contact with the milk platform. The defendant company was not obliged to notify the plaintiff that such an action was dangerous as it could not have reasonably anticipated that he would extend a portion of his body more than a foot beyond the body of the car when it was in motion. As there was no presumption or direct proof of negligence, the plaintiff is not entitled to recover.

It is unnecessary to discuss the question of the plaintiff's contributory negligence.

Judgment is affirmed.