Miles R. Hawkins, pro ami

*vs.*

Maine and New Hampshire Theaters Co.

AND

Miles S. Hawkins

*vs.*

Maine and New Hampshire Theaters Co.

Androscoggin.    Opinion, February 16, 1933.

*Alton C. Wheeler,*
*Robert T. Smith,* for plaintiffs.
*Fred H. Lancaster,*
*John G. Marshall,* for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J. These two cases, one brought by a father to recover for medical expenses in treating injuries to his minor son alleged to have been caused by the defendant's negligence, the other brought by the minor through his father as next friend, were submitted to Referees with right of exceptions reserved, who found for the plaintiff in each case and awarded damages. Written objections to the allowance of the reports were duly filed by the defendant, and to the action of the Justice of the Superior Court in accepting them, exceptions were taken.

The declarations allege that the minor, a guest in a motion picture theatre conducted by the defendant, was injured through the failure of the defendant to restrain the "playful, sportive and mischievous acts" of other children in the theatre. The specific failure

alleged was the omission to provide a sufficient staff of ushers and attendants and to station them at convenient points. As a result it is alleged that an assault was committed on the plaintiff, Miles R. Hawkins, by another boy.

The facts as found by the Referees are not in dispute. The defendant advertised a special matinee performance on Washington's birthday, February 22, 1932, at its Strand Theatre in Lewiston. It was announced that a balloon would be given to each child purchasing a ten cent ticket. These tickets admitted the holder to the balcony which was well filled with children, mostly boys. The plaintiff, a boy of twelve, accompanied by a friend, purchased a ten cent ticket, was admitted to the balcony, and took his seat in the fourth row. He and the other children had been given balloons, which frequently burst from over inflation. Several of the children had rubber bands, which in a few instances they used to snap paper pellets at the balloons; but these acts were done when the ushers and the attendants were not looking. One boy, Francis Malloy, thirteen years old, who sat in the front row, came to the theatre with a sling shot and some BB shot. This weapon he had used in the morning to shoot at tin cans, and had in his pocket, but not with the slightest intent of using it in the theatre. In fact he states that he had forgotten that he had it with him until he put his hand in his pocket to put away his own balloon. With this and the BB shot, when the ushers were not looking, he fired at two balloons. One of these shots struck the plaintiff, Miles R. Hawkins, in the eye, causing the injuries for which these suits were brought. The incident occurred shortly after the plaintiff arrived at the theatre. Two ushers and a house boy were in attendance in the balcony at the time. They ushered and assisted in keeping order, but none of them saw the accident or knew that it had occurred till some time afterwards. The attendants did not at any time see the use of the sling shot by the boy or the snapping of the paper pellets.

The Referees ruled that, in view of the conditions created in the theatre by the management in giving away the balloons and permitting the children to blow them up so that they furnished alluring targets for other boys, the supervision given was not sufficient to constitute due care. In effect the Referees found that the defendant permitted a condition in its theatre which to the patrons

constituted a danger which the management should have foreseen and guarded against.

In the reference of a case under Rule XLII of the Supreme Judicial and Superior Courts, the decision of the Referee on all questions of fact is final. *Jordan* v. *Hilbert*, 131 Me., 56, 58, 158 A., 853. If there is any evidence to support a finding of fact, it is not our province to overrule the decision of a Referee. *Hovey* v. *Bell*, 112 Me., 192, 195, 91 A., 844; *Jordan* v. *Hilbert*, supra. When, however, the facts are undisputed and but one possible deduction can be drawn from them, the question is then one of law, *Lasky* v. *Canadian Pacific Railway Co.*, 83 Me., 461, 22 A., 367, and if proper reservation is made in the rule of reference, may be considered by this Court.

The obligation, which the proprietor of a theatre or amusement enterprise owes to his guests, has been clearly set forth. He must guard them not only against dangers of which he has actual knowledge but also against those which he should reasonably anticipate. *Morrison* v. *Union Park Association*, 129 Me., 88, 149 A., 804. The failure to carry out such duty is negligence. A recovery may be had, even though the wilful or negligent act of a third person intervenes and contributes to the injury, provided such act should have been foreseen. *Easler* v. *Downie Amusement Co., Inc.*, 125 Me., 334, 133 A., 905; *Lane* v. *Atlantic Works*, 111 Mass., 136; *Cousineau* v. *Muskegon Traction & Lighting Co.*, 145 Mich., 314, 108 N. W., 720; *Mastad* v. *Swedish Brethren*, 83 Minn., 40, 85 N. W., 913; *Hines* v. *Garrett*, 131 Va., 125, 108 S. E., 690.

The theory of the plaintiff's case appears to be that the defendant, by giving out the balloons and by appealing particularly for the patronage of children on the afternoon in question, created a condition in its theatre which called for more oversight than was given.

If decorating a dance hall with inflammable crepe paper is not negligence, *Cloutier* v. *Oakland Park Amusement Co.*, 129 Me., 454, 152 A., 628, the giving away of the balloons by the defendant can not be so regarded. The management of this theatre might well have been charged with notice that the filling of the balcony with children and the giving out of balloons would result in boisterous and unruly conduct. It was, accordingly, its duty to take rea-

sonable precautions to restrain what all will concede are the ordinary inclinations of children under such circumstances. It was under no obligation to provide an attendant for every child, or to anticipate the isolated, wilful and sudden act of one boy, the natural tendency of which was to inflict serious harm upon another. There is no evidence that such an incident ever had happened before or that the defendant had any warning whatsoever that it was likely to take place. It was not a danger which it was bound to have foreseen or to have guarded against.

Accepting the facts as found by the Referees, the deduction drawn can not in our opinion be sustained.

*Exceptions sustained.*