BRUNSWICK COAL & LUMBER CO. *vs.* WARREN W. GROWS.

Cumberland.     Opinion, August 3, 1936.

*Joseph A. Aldred,* for plaintiff.
*Ellis L. Aldrich,*
*Sherwood Aldrich,* for defendant.

SITTING : DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.   Defendant, who had a woodlot, was owing plaintiff, a dealer in fuel, certain promissory notes. They agreed, mutually, in writing, to change from money to cordwood the medium for paying the notes. Two hundred cords, selected, cleft, dried, of first-class quality and indicated kinds, in instalments over a definite period of time, proper credits, at the rate of $4.50 a cord, to be endorsed properly on the making of deliveries, was, in essence, what the parties contracted.

The notes themselves were in nowise varied; they always read the same.

Three cords of wood had been delivered, and a fourth was being unloaded, when plaintiff caused the wood then drawn to its yard to be inspected. All was classed inferior, and rejected.

Defendant did not bring more wood, or proffer any, but said that the round wood should not have been sent, and that as for the rest, he had nothing better.

Defendant later came for the four cords which had been delivered, only to be refused.

Plaintiff sued for breach of contract to deliver the wood, alleging total failure, and averring that no act on plaintiff's part prevented performance,—with claim for compensation for the loss sustained.

The case was referred, under a rule of court, to a referee, subject to exceptions as to matters of law.

The report of the referee, favorable to plaintiff, was accepted below.

The case is up on exception. Only questions of law are reviewable.

The referee settled the fact, from competent evidence, that there had been breach of contract; he determined, too, that had the two hundred cords of wood been delivered, each cord would have had a market value of $8.00.

Plaintiff, on a day preceding the hearing, left the notes at a bank, where defendant, meeting demand for payment, did so in cash.

Contention by defendant that the cause of action arising from the contract was extinguished, by substituting therefor an agreement for its satisfaction, (namely, payment of the notes in accordance with their original tenor,) and the execution of such substi-

tuted agreement, is not now open. The referee found that there had been no such agreement; his finding of fact is conclusive.

The referee assessed damages for nonperformance of the contract.

Though the four cords of wood delivered were not of contract grade, they were, nevertheless, retained and used by plaintiff.

On finding reasonable worth of the four cords, the referee deducted the amount from the damages. It would have been unjust to allow the plaintiff to keep the wood without paying anything.

In the reference of cases by rule of court, the decision of the referee upon all fact questions, where findings are supported by any evidence, is final. *Hawkins* v. *Theaters Co.*, 132 Me., 1, 164 A., 628; *Staples* v. *Littlefield*, 132 Me., 91, 167 A., 171.

*Exception overruled.*