WILLIAM A. WEDGE *vs.* BENJAMIN BUTLER.

Androscoggin.          Opinion, May 4, 1939.

*Berman & Berman* (Lewiston, Maine), for plaintiff.
*Benjamin Butler*, for defendant.

190

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    The case is here on exceptions to the acceptance and confirmation by the lower court, of the report of a referee of its appointment, whose decision, in an action of trover for one planer, a machine for smoothing the surface of wood, was for the defendant. The reference expressly made questions of law reviewable. Rules of Supreme Judicial Court and Superior Court, No. 42.

In this opinion, the parties will hereafter be referred to by their designations in the court below.

On November 2, 1933, plaintiff sold and delivered the planer, which he had operated in a box mill, to one Whittier; the purchaser executed to the seller, as security for the payment of the purchase money, a chattel mortgage of the property bought. That the mortgage was filed for record only in the office of the clerk of a town wherein the mortgagor did not reside, is of no present bearing.

Whittier, who, notwithstanding he had, as has been seen, incumbered the planer, apparently still lawfully had it; he, so in the bill of exceptions there is recital, installed it in a sawmill of his; the mill was erected in a building located on land in Mount Vernon, Maine, of which he, as mortgagor, was then in possession.

The machine was bolted to the mill floor, connected to a blower, and integrated, by means of belts, shafting and pulleys, with the mill.

Whether the planer was chattel or fixture was squarely at issue.

Fixture, in law, is a term applied to a thing, originally a personal chattel, of an accessory nature, which, on being physically annexed or affixed, at least by juxtaposition, to realty, for use, has, in intention of its annexer, become part and parcel of the real estate. Manifest intent, as indicated by proven facts and circumstances, and reasonable inferences, to incorporate the chattel into, and identify it permanently with, what is ordinarily denominated land, a word which includes not only the soil, but everything attached to it, has, in this jurisdiction, come to be recognized as the cardinal rule and most important criterion by which to determine a fixture. *Hayford* v. *Wentworth*, 97 Me., 347, 54 A., 940; *Portland* v. *New England Telephone etc., Company*, 103 Me., 240, 68 A., 1040; *Roderick* v.

*Sanborn,* 106 Me., 159, 76 A., 263; *Cumberland County Power &
Light Company* v. *Hotel Ambassador,* 134 Me., 153, 183 A., 132.

To keep the record straight, it may be stated at this place that
the mortgagee of the real estate is not shown to have in anywise had
to do either with the transaction of the sale and purchase of the
planer, or putting it into the sawmill.

The referee found, as a matter of fact, that the planer, on being
set up in the sawmill, lost its character as a chattel, and merged, as
a fixture, with the realty.

A finding of fact in this class of cases is, if there is any evidence
in the record to sustain such finding, usually deemed binding upon
the court, and not open to revision. *Hovey.*v. *Bell,* 112 Me., 192, 91
A., 844; *Jordan* v. *Hilbert,* 131 Me., 56, 158 A., 853; *Hawkins* v.
*Theaters Co.,* 132 Me., 1, 164 A., 628; *McCausland* v. *York,* 133
Me., 115, 174 A., 383; *Brunswick, etc., Co.* v. *Grows,* 134 Me., 293,
186 A., 705. The court, the point being urged, examines the record
to ascertain if there is some competent evidence of probative force
to support the finding of the referee, and does not reexamine the
record for the purpose of making its own finding. Judicial review,
obtainable where there has been reservation of the right to except,
is restricted to pure questions of law. This is settled by so many
authorities that citation is unnecessary.

The issue of fact in this case was for the referee to solve.

Having solved it, the referee concluded, as a matter of law, that,
as between the litigants, i.e., the chattel mortgagee as plaintiff, and
the real estate mortgagee, whose mortgage stood enforced by fore-
closure, as defendant, title to the planer passed, as a fixture, to
defendant, the owner of the real estate.

The decisive fact determined, the referee applied the right rule
of law. *Andover* v. *McAllister,* 119 Me., 153, 109 A., 750; *Gaunt* v.
*Allen Lane Company,* 128 Me., 41, 145 A., 255; *Vorsec Company*
v. *Gilkey,* 132 Me., 311, 170 A., 722; *Cumberland County Power &
Light Company* v. *Hotel Ambassador,* supra.

But plaintiff contends that the factual finding was utterly unsup-
ported by any competent evidence. Finding facts material to deci-
sion absent evidence thereof constitutes error of law. *Orff's Case,*
122 Me., 114, 119 A., 67; *Paradis' Case,* 127 Me., 252, 255, 142 A.,
863.

Extended discussion seems unnecessary.

Since a report of the evidence introduced before the referee is not in the record, his finding of fact must be accepted as final. There is no showing that the referee was requested to report the evidence. He was under no obligation to do so. His conclusion must be taken as the close of the case. *Plummer* v. *Stone*, 65 Me., 410.

*Exceptions overruled.*