Kallish et al., Appellants, *v.* American Base Ball Club of Philadelphia.

Argued October 17, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

Louis S. Hankin, with him B. Nathaniel Richter, for appellants.

John J. McDevitt, 3d, with him Joseph M. Leib, and John J. McDevitt, Jr., for appellee.

OPINION BY HIRT, J., January 30, 1940:

At the trial of this action verdicts were directed in favor of the defendant. Plaintiffs, in this appeal, contend that the case was for the jury.

The plaintiff-father took his four year old son, the minor-plaintiff, to the park of the defendant on the occasion of a base ball game which attracted large crowds. Though there were seating accommodations for only 33,000, the defendant sold admissions to 38,311 persons and about one of every seven admitted to the park viewed the game from the passage ways or aisles of the stands. The defendant in overselling the seating capacity of the stands, owed to the plaintiffs and all others admitted to the park, the duty of using every reasonable precaution for their safety. One who maintains a "place of amusement for which admission is charged, is not an insurer, but must use reasonable care in the construction, maintenance and management of it, having regard to the character of the exhibitions given and the customary conduct of patrons invited:" Haugh v. Harris Bros. Am. Co., 315 Pa. 90, 172 A. 145.

The father was seated in the upper tier of the stands opposite right field. During the progress of the game he carried his son in his arms to a toilet room on the lower level back of home plate. In so doing he passed among those who were standing in the aisles and pass-

age ways. On his return, someone fell from a position above him and struck the child, inflicting a scalp wound. There was a complete recovery; the wound healed so thoroughly that at the trial not even a scar could be found.

The parents proved no pecuniary loss and a verdict was properly directed in favor of defendant as to them. The child's right to recover depends upon whether this plaintiff has met the burden of proving that the defendant was guilty of negligence.

Even as to common carriers it is not negligence for a railway company to permit its cars to be overcrowded, though a carrier is responsible for damages which necessarily result from overcrowding: *McCaw v. Union Traction Co.,* 205 Pa. 271, 54 A. 893; *Moulton v. Boston Elevated Ry. Co.,* 127 N.E. 886, (Mass.). The degree of care required of a common carrier is higher than that of the owner of a place of amusement and permitting crowding in a place of amusement, in itself, is not negligence: *Thurber v. Skouras Theaters,* 170 A. 863, (N. J.). Even a railroad company is not liable for the conduct of its passengers unless their conduct is unusual and disorderly and could have been prevented by those in charge: *Randall v. Railroad Co.,* 139 Pa. 464, 22 A. 639.

We agree with the lower court that it is impossible to determine from the evidence how the injury occurred. If we adopt the construction urged by plaintiff's counsel, as a possible inference from the testimony, this plaintiff, at most, charged that a group of patrons were standing upon a parapet or rampart at the top of the stand, with their hands upon the rafters overhead, and that their conduct was a menace to the safety of others. The father testified that as he approached them they were "squirming and trying to hold on" and "that they were pushing and pulling one another." One of them fell and injured the boy. There is no evidence that their position was inherently dangerous or that defend-

ant, through its servants, had actual or constructive notice that they were standing upon the parapet, or that their conduct was disorderly. Giving this plaintiff the benefit of the most favorable inferences from the testimony we are convinced that the proximate cause of the injury was not the position these men occupied in the stands, but their unusual conduct while there.

In the absence of circumstances from which it may be inferred that the conduct of these men could have been foreseen and controlled, the defendant is not liable: *Interstate Circuit v. Le Normand,* 100 F. 2d 160; *Shayne v. Colliseum Bldg. Corp.* 270 Ill. App. 547. There is no testimony on the subject. Verdicts cannot rest upon guess or conjecture and negligence is not to be inferred from the mere happening of an accident. The burden was upon this plaintiff to prove negligence affirmatively, and "as there was no presumption or direct proof of negligence, the plaintiff is not entitled to recover": *Miller v. P. H., B. & N. C. Rys. Co.,* 102 Pa. Superior Ct. 547, 157 A. 330.

Judgment affirmed.