CORA L. HART, Respondent, *v.* HERCULES THEATRE CORP., Appellant.

Second Department, February 5, 1940.

*Walter L. Glenney*, for the appellant.

*Louis G. Hart, Jr.*, for the respondent.

CLOSE, J. The respondent and her escort were patrons at the Paramount Theatre, which is a large moving picture theatre located at Times Square, New York city. After enjoying the entertainment afforded by the appellant from seats in the orchestra, the respondent went to the ladies' room on the ground floor. It was crowded. She decided to look elsewhere for another ladies' room. Finally she located one on the top floor, three flights up. While walking toward the room she observed a man drinking at a fountain. After she was in the ladies' room and while she was standing facing a mirror, this same man entered the room, holding his hand in his pocket to simulate a revolver, and ordered her to " stick up " her hands. At the same time he asked her what was in her pocketbook. She replied that there was nothing in the pocketbook. She picked up her pocketbook and started to leave the room, whereupon the man seized the pocketbook. Screaming for help, she resisted. The thief struck her in the face several times, knocking her to the floor, and made off with her pocketbook.

Upon this state of facts the trial court, in an action brought by the respondent, dismissed the complaint, which was based upon the theory that by failure to keep a matron or other guard in or about the retiring room the appellant failed to exercise reasonable care toward its patrons. Upon appeal to the Appellate Term the judgment was reversed and a new trial granted upon the ground that the appellant owed to the respondent the duty of exercising such care as to protect her from attack and injury, and that it should have anticipated such an eventuality, citing *Schubart* v. *Hotel Astor, Inc.* (168 Misc. 431; affd., 255 App. Div. 1012; affd., 281 N. Y. 597); *Duggan* v. *Sunny-Bliss Realties, Inc.* (254 App. Div. 887; leave to appeal denied, 279 N. Y. 809), and *Conlin* v. *Yonkers R. R. Co.* (255 App. Div. 809; affd., 280 N. Y. 714).

The authorities relied upon are not applicable to the facts here. In each case cited there was proof of notice of the existence of danger to the patron. Although the plaintiff here alleged in her complaint that upon prior occasions other persons had been attacked in the defendant's theatre, no proof was offered to sustain the allegation. Admittedly, there was nothing about the behavior of the thief prior to the actual attack to arouse suspicion on the part of any one observing his conduct. That the plaintiff herself anticipated no danger is made manifest by the fact that she left her

male escort on the orchestra floor when she went to the top floor. Upon this record there is no evidence that the defendant had reason to anticipate this assault any more than the plaintiff herself. To assume that the presence of a matron in the ladies' room would have prevented the assault is merely to speculate upon the degree of criminality possessed by the thief. Human experience proves that the presence of two or more women does not prevent a thief from plying his calling nor protect from assault and injury one who courageously attempts resistance. The assault upon the plaintiff could not have been foreseen, nor can it be said to be the reasonable or probable consequence of the absence of a matron from the ladies' room or of an usher from that particular passageway. (*Putnam* v. *Broadway & Seventh Ave. R. R. Co.*, 55 N. Y. 108; *Newman* v. *Interborough R. T. Corp.*, 243 App. Div. 744; *Carroll* v. *Murray*, 276 N. Y. 598; *Ward* v. *F. R. A. Operating Corp.*, 265 id. 303.)

It follows that the order of the Appellate Term reversing the judgment of the City Court of the City of New York, County of Queens, and granting a new trial, should be reversed on the law and the judgment of the City Court in favor of defendant should be affirmed, with costs in this court and in the Appellate Term.

LAZANSKY, P. J., HAGARTY, JOHNSTON and TAYLOR, JJ., concur.

Order of the Appellate Term, reversing the judgment of the City Court of the City of New York, County of Queens, and granting a new trial, reversed on the law and judgment of the City Court in favor of defendant affirmed, with costs in this court and in the Appellate Term.