Sims et al. *v.* Strand Theater, Appellant.

Argued October 2, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Ward C. Henry,* of *Swartz, Campbell & Henry,* for appellant.

*Lewis Tanner Moore,* for appellees.

OPINION BY HIRT, J., December 11, 1942:

The jury found in favor of both plaintiffs for the injury of the wife in defendant theater and judgments were entered on the verdicts. The defendant in these appeals contends that the evidence does not charge it with negligence.

In the light of the verdicts, the following facts appear: About 8:40 in the evening of February 3, 1941, plaintiffs entered defendant's motion picture theater. When they bought their general admission tickets they were not informed that seats were not then available. The first showing of the feature picture had not ended and the inner lobby was partially filled; patrons were standing in rows seven deep in front of plaintiffs. They stood in the lobby for 45 minutes waiting for an opportunity to obtain seats. In the meantime others were admitted filling the back and the sides of the lobby; the evidence is that it was so crowded that some of the people stood upon the radiators in the lobby. At the close of the feature picture many of the seated audi-

ence left the theater through doors opening on to side streets. Almost immediately the crowd in the lobby surged forward down the aisle into the vacant seats. In the rush, plaintiffs were separated and lost contact with each other. The wife-plaintiff was lifted from her feet by the movement of the crowd and was carried down the aisle and forced against the arm of a seat in the theater; she was thrown to the floor and was trampled upon. The verdicts reflect the damages for the injuries she sustained.

"It is settled that one maintaining a theater, or similar place of amusement for which admission is charged, is not an insurer, but must use reasonable care in the construction, maintenance and management of it, having regard to the character of the exhibitions given and the customary conduct of patrons invited": *Haugh et al. v. Harris Bros. Am. Co.,* 315 Pa. 90, 172 A. 145. The exhibitions given in defendant's theater were motion pictures; the performances were continuous; a reshowing of the program, with a short intermission, followed almost immediately upon its close. Unlike theaters where a single performance is scheduled to begin at a fixed time, many patrons, not infrequently, enter motion picture theaters and stand in the inner lobby, where they cannot see the performance, until seats are available. Where the showing is popular, the lobby may be crowded to capacity. Permitting crowds to congregate in a theater, in itself, is not negligence. *Kallish et al. v. Base Ball Club,* 138 Pa. Superior Ct. 602, 10 A. 2d 831. Plaintiffs do not so contend; on the contrary, it is conceded that admitting numbers of patrons and permitting them to stand in the lobby is an ordinary incident of the operation of a motion picture theater, where performances are continuous. The negligence averred is defendant's failure "to provide a proper and sufficient number of ushers ...... to direct the orderly ...... ingress,

egress and seating of the plaintiffs and other persons lawfully ...... upon said premises."

The testimony for plaintiffs, which we must accept, is that it was dark in the theater; the lights were not turned on during the intermission; there were no ushers in the lobby or in the aisles directing and controlling the movement of the crowd. The intervening negligence of third parties, acting collectively, was a cause of the injury. Upon proper instruction, the jury, however, found that their negligence was not a superseding cause relieving defendant from liability.

Crowds made up of individuals vying with each other to obtain seats in a place of public amusement are likely to become unruly if not controlled. The momentum of a crowd rushing down the aisle of a theater may result in injury to some of them. Defendant, from experience in operating a theater, must have known that failure to exercise control involved an unreasonable risk of injury. It is not an uncommon practice in theaters of this kind to limit the number of patrons admitted to the auditorium at any one time by means of a railing extending across the lobby, with cords barring entry to the aisles, in charge of ushers. This simple expedient is effective in preventing injury from the unrestrained movement of a crowd. Injury to the wife-plaintiff was reasonably forseeable, under the circumstances; defendant, therefore, was negligent in failing to foresee the probable injury and to prevent it by controlling the conduct of its patrons: Restatement, Torts, §348. The fact that their conduct was also negligent is not important, since the force which immediately caused the injury was both foreseeable and controllable. Restatement, Torts, §449. Defendant theater is liable for plaintiffs' damage because of failure to "use reasonable care in the ...... management of it, having regard to the character of the exhibitions given and the customary [or at least foreseeable] con-

duct of patrons invited": *Haugh et al. v. Harris Bros. Am. Co.,* supra. The negligence in this case was the failure to perform a managerial duty—the duty of supervision and control and such negligence was a legal cause of the injury.

Judgments affirmed.