David Lee NASH, by and through his father
and next friend, Roy L. Nash and Roy
L. Nash, individually, Appellants,

v.

STANLEY WARNER MANAGEMENT
CORP., a foreign corporation, trading as
Tivoli Theater, Appellee.

No. 2622.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 26, 1960.

Decided Nov. 16, 1960.

Blaine P. Friedlander, Washington, D.
C., with whom Mark P. Friedlander and
Mark P. Friedlander, Jr., Washington, D.
C., were on the brief, for appellants.

William T. Clague, Washington, D. C.,
with whom Allan C. Swingle, Washington,
D. C., was on the brief, for appellee.

Before HOOD and QUINN, Associate
Judges, and CAYTON (Chief Judge, Re-
tired) sitting by designation under Code
§ 11–776(b).

CAYTON, Acting Judge.

While the minor plaintiff was attending
a motion picture theatre he was assaulted
by other patrons. He and his father sued
the theatre for damages. At the close of
plaintiffs' case defendant theatre moved for
a finding on the ground that there was no
proof of negligence. The trial court denied
the motion and defendant stood on the mo-
tion and offered no evidence. The court
took the case under advisement and called
for briefs, and later ordered a trial finding
for defendant. That decision is here for
review.

On a Sunday afternoon David Nash, the
minor plaintiff, went with two companions
to the Tivoli Theater. He said the audi-
ence "was loud and was constantly moving;
that he saw no ushers," that after he had
been in the theatre for about three hours
and a half he was struck about the head
and shoulders by an unknown assailant and
knocked to the floor; that while still on the
floor another assailant struck him with a
stick and kicked him; that his companions
helped him to the lobby where he reported
the assaults to a ticket-taker, but that he
did not remember what was said.

A thirteen-year-old companion of plain-
tiff testified that he saw some boys attempt

to sneak into the theatre through an exit and that "the ushers," (number not stated) prevented it; that later the assault on David Nash took place, which he described in the same way David did. This witness identified a Mr. Pratt as the ticket-taker to whom the incident was reported, but he could not recall the conversation with Pratt. At one point he said that Pratt "did nothing," but on cross-examination he admitted that Pratt did make an effort to have the boys identify the assailant or assailants. This testimony, except for that of injuries and damages, constituted all the evidence in the case.

 Our question is whether the trial court erred in holding that no liability was established. It is the general rule that the operator of a theatre must exercise reasonable care to protect its patrons from assaults by other patrons, if the operator had knowledge of conduct which would naturally result in injury, or if it might reasonably have anticipated an assault. See Annotation, 29 A.L.R.2d 911, 913; 52 Am. Jur., Theaters, etc., § 52; 86 C.J.S. Theaters and Shows § 41c.

The decisions which impose liability on the operator of an amusement place are generally based on the theory that he had knowledge of unruly or dangerous conduct of patrons, or should have anticipated danger from boisterous or threatening groups. Moone v. Smith, 6 Ga.App. 649, 65 S.E. 712; Connolly v. Nicollet Hotel, 254 Minn. 373, 95 N.W.2d 657; Hughes v. St. Louis National League Baseball Club, 359 Mo. 993, 224 S.W.2d 989, 16 A.L.R.2d 904; Reilly v. 180 Club, Inc., 14 N.J.Super. 420, 82 A.2d 210; Sims v. Strand Theatre, 150 Pa.Super. 627, 29 A.2d 208; Pfeifer v. Standard Gateway Theater, 259 Wis. 333, 48 N.W.2d 505.

In two of the cases just cited, and relied on by appellants, (Connolly v. Nicollet Hotel, and Pfeifer v. Standard Gateway Theater) the injury stemmed from horseplay or boisterousness over a sustained period of time, and liability of management was based on advance knowledge of danger, or duty to have such knowledge. But see Hawkins v. Maine & New Hampshire Theaters Co., 132 Me. 1, 164 A. 628. In another case, Rawson v. Massachusetts Operating Co., 328 Mass. 558, 105 N.E.2d 220, 29 A.L.R.2d 907, the management was lax in curbing continuing wild antics of several youths, and when a patron intervened and asked them to be quiet, he was struck. Defendant was held liable because it was remiss for an hour and a half in failing to discover and stop the disorder, which prompted the patron to act.

Dealing with cases like ours, where there has been a sudden and unexpected assault upon one patron by another, the cases generally hold management is not liable when it is unable reasonably to anticipate that such an assault would happen. Among such cases are Worcester v. Theatrical Enterprises Corp., 28 Cal.App.2d 116, 82 P.2d 68; Napper v. Kenwood Drive-In Theatre Co., Ky., 310 S.W.2d 270; Hart v. Hercules Theatre Corp., 258 App.Div. 537, 17 N.Y.S.2d 441; Whitfield v. Cox, 189 Va. 219, 52 S.E.2d 72.

The evidence in this case was meager at best. The young plaintiff said the audience was "loud and was constantly moving." But this was not enough to put the theatre management on notice that he was in danger of being assaulted. He said he saw no ushers, but it is plain there were ushers on duty, for his companion saw ushers prevent some boys attempting to sneak into the theatre through an exit door. And there is no reason to assume that an usher or ushers could have prevented the sudden attacks on the plaintiff. There was no evidence of disturbances or threatening conduct elsewhere in the theatre or at any earlier time during the three and a half hours plaintiff and his companions had been there. There was nothing to put the management on notice that it ought to be on guard to prevent such an assault. In short there was no evidence of negligence.

Appellants say that when the defense stood on its motion and offered no evi-

dence, they were entitled to have the evidence viewed in a light most favorable to them, and to have the benefit of all reasonable inferences to be drawn from the evidence. District of Columbia v. Tilghman, D.C.Mun.App., 157 A.2d 629. We agree; but we think that, viewed in any light, the total showing before the trial court neither required nor justified a ruling that defendant was answerable for plaintiffs' damages.

Affirmed.

HOOD, Associate Judge (concurring).

I do not agree with my colleagues that there was no evidence of negligence on the part of the theatre. In my opinion plaintiff made out a *prima facie* case from which it could well have been found that the ushers, who were alert enough to prevent boys from entering the theatre without payment of admission fees, should have displayed some of that same alertness in protecting this plaintiff from these two vicious attacks by young ruffians. But I do not think that is the question before us. When, at the close of plaintiff's case, the defendant moved for a finding in its favor on the ground there was no showing of negligence on its part and the trial court denied that motion, in effect the trial court ruled that plaintiff had made out a *prima facie* case. When defendant then stood upon this motion and declined to offer any evidence, the case was submitted on its merits to the court as trier of the facts. After submission the trial court made a trial finding for defendant. I personally think that finding was wrong, but I cannot say it was so plainly wrong that this court would be justified in reversing it. Accordingly I concur in the result.